ACCEPTED
04-15-00727-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
12/29/2015 5:37:55 PM
KEITH HOTTLE
CLERK

No. 04-15-00727-CV

IN THE COURT OF APPEALS FOR
THE FOURTH DISTRICT OF TEXAS
SITTING AT SAN ANTONIO

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
12/29/2015 5:37:55 PM
KEITH E. HOTTLE
Clerk

LAUREN SAKS a/k/a GLORIA
LAUREN NICOLE SAKS,

V

DIANE M. FLORES and SANDRA
GARZA DAVIS f/k/a SANDRA C. SAKS

On Appeal from
Probate Court No. One, Bexar County, Texas
Honorable Kelly Cross, presiding
Trial Court Cause No. 2011-PC-3466

APPELLANT'S BRIEF

Respectfully submitted,

Philip M. Ross
State Bar No. 017304200
1006 Holbrook Road
San Antonio, Texas 78218
Phone: 210/326-2100
Email: ross_law@hotmail.com

ORAL ARGUMENT REQUESTED

By:   /s/  Philip M. Ross
Philip M. Ross
Attorney for Appellant
Margaret Landen Saks

TABLE OF CONTENTS

TAB 1     DOCKET SHEET

TAB 2     ORDER STRIKING INTERVENTION

TAB 3     ORDER TO DISBURSE FUNDS FROM THE REGISTRY OF
          THE COURT IN PAYMENT OF JUDGMENT

TAB 4     TRANSCRIPT OF HEARING, 9-25-15

TAB 5     MEDIATED SETTLEMENT AGREEMENT

TAB 6     NOTICE OF APPEAL

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above document was e-filed and sent by email or electronic delivery to Jonathan Yedor and Royal Lea, III on December 29, 2015.

/s/ Philip M. Ross
Philip M. Ross

# TAB 1

# DOCKET SHEET

---

# ▪ DOCKET INFORMATION ▪

CAUSE NUM: 2011PC3466

DATE FILED: 08/17/2011          COURT: 001          UNPAID BALANCE:      0.00

TYPE OF DOCKET: PLAINTIFF'S ORIG PET

### ▪ ▪ ▪ S T Y L E ▪ ▪ ▪

LAUREN SAKS A/K/A GLORIA LAUREN NICOLE SAKS

VS DIANE M. FLORES AND SANDRA GARZA DAVIS F/K/A SANDR

ACCESS: 0              STATUS: PENDING          DATE OF DEATH: 01/02/0000

### ▪ L I T I G A N T   I N F O R M A T I O N ▪

| SEQ | LAST /FIRST /MIDDLE NAME | LIT. TYPE/ATTORNEY | DATE |
|-----|--------------------------|--------------------|------|
| 00001 | SAKA LAUREN | PLAINTIFF | 08/18/2011 |
| | | 00001 HEINRICHS, A CHRIS | |
| 00002 | NICHOLS SAKS GLORIA LAUREN | PLAINTIFF | 08/18/2011 |
| 00003 | FLORES DIANE M. | DEFENDANT | 08/18/2011 |
| 00004 | DAVIS SANDRA GARZA | DEFENDANT | 08/18/2011 |
| 00005 | SAKS SANDRA C. | DEFENDANT | 08/18/2011 |
| 00006 | SAKS MARGARET LANDEN CORINNA | OTHER | 08/18/2011 |
| 00007 | DONOP, JR. PERRY | OTHER | 12/16/2011 |
| 00008 | GITTINGER, JR. LEONARD J. | OTHER | 12/16/2011 |
| 00009 | FLORES DIANE M. | OTHER | 12/23/2011 |
| 00010 | SAKS BY AND THRU LANDEN | OTHER | 04/02/2013 |
| | SUP: HER ATTORNEY W. RANDOLPH DAV | | |
| 00011 | MCFADIN, III LEE NICK | OTHER | 07/02/2013 |
| 00012 | ROGERS MARCUS P. | APPLICANT | 07/30/2014 |

### ▪ S E R V I C E S   I N F O R M A T I O N ▪

| SEQ | SERVICE TYPE / DATES | DIST | LITIGANT NAME |
|-----|----------------------|------|---------------|
| 00002 | ADVERSE CITATION BY PRIVA | 3 | FLORES DIANE |
| | ISS: 08/18/2011  REC:  EXE:  RET: | | |
| 00003 | ADVERSE CITATION BY PRIVA | 3 | DAVIS SANDRA |
| | ISS: 08/18/2011  REC:  EXE:  RET: | | |
| 00004 | ADVERSE CITATION BY CERTI | 2 | SAKS MARGARET |
| | ISS: 08/18/2011  REC:  EXE:  RET: | | |
| 00005 | SUBPOENA-ADVERSE ACTION | 3 | DONOP, JR. PERRY |
| | ISS: 12/16/2011  REC: 12/20/2011  EXE: 12/20/2011  RET: 12/21/2011 | | |
| 00006 | SUBPOENA-ADVERSE ACTION | 3 | GITTINGER, JR. LEONA |
| | ISS: 12/16/2011  REC: 12/20/2011  EXE: 12/20/2011  RET: 12/21/2011 | | |
| 00007 | SUBPOENA BY PVT PROCESS | 3 | FLORES DIANE |
| | ISS: 12/20/2011  REC: 12/20/2011  EXE: 12/20/2011  RET: 12/21/2011 | | |
| 00008 | SUBPOENA BY PVT PROCESS | 3 | SAKS BY AND THRU LAN |
| | ISS: 04/02/2013  REC: 04/03/2013  EXE: 04/03/2013  RET: 04/03/2013 | | |

292

00009 ADVERSE CITATION BY PRIVA          3    MCFADIN, III LEE
          ISS: 07/05/2013  REC:          EXE:          RET:

00010 NOT OF APPLN/SALE OF PERS          186   SAKA LAUREN
          ISS: 07/31/2014  REC: 07/31/2014  EXE: 07/31/2014  RET: 07/31/2014

00011 NOT OF APPLN/SALE OF REAL          186   SAKA LAUREN
          ISS: 07/31/2014  REC: 07/31/2014  EXE: 07/31/2014  RET: 07/31/2014

00012 NOT OF APPLN/SALE OF PERS          186   SAKA LAUREN
          ISS: 08/06/2014  REC: 08/06/2014  EXE: 08/06/2014  RET: 08/06/2014

00013 NOT OF APPLN/SALE OF REAL          186   SAKA LAUREN
          ISS: 08/06/2014  REC: 08/06/2014  EXE: 08/06/2014  RET: 08/06/2014

00014 NOT OF APPLN/SALE OF REAL          186   SAKA LAUREN
          ISS: 10/01/2015  REC: 10/01/2015  EXE: 10/01/2015  RET: 10/01/2015

00015 NOT OF APPLN/SALE OF PERS          186   SAKA LAUREN
          ISS: 10/01/2015  REC: 10/01/2015  EXE: 10/01/2015  RET: 10/01/2015

00016 NOT OF APPLN/SALE OF REAL          186   SAKA LAUREN
          ISS: 11/03/2015  REC: 11/03/2015  EXE: 11/03/2015  RET: 11/03/2015

00017 NOT OF APPLN/SALE OF PERS          186   SAKA LAUREN
          ISS: 11/03/2015  REC: 11/03/2015  EXE: 11/03/2015  RET: 11/03/2015

# *ATTORNEY INFORMATION*

| SEQ | DATE FILED | BAR NBR. | NAME | STATUS | DATE |
|-----|-----------|----------|------|--------|------|
| 00001 | 08/18/2011 | 09382500 | HEINRICHS, A CHRIS | SELECTED | 08/18/2011 |
| 00002 | 04/25/2014 | 17304200 | ROSS, PHILIP M | SELECTED | 04/28/2014 |
| 00003 | 04/28/2014 | 24029639 | JOHNSON, MICHAEL B | SELECTED | 04/28/2014 |
| 00004 | 07/25/2014 | 17179700 | ROGERS, MARCUS P | SELECTED | 07/28/2014 |
| 00005 | 07/09/2015 | 12069680 | LEA III, ROYAL B | SELECTED | 07/10/2015 |
| 00007 | 08/24/2015 | 22151400 | YEDOR, JONATHAN | SELECTED | 08/25/2015 |
| 00008 | 10/02/2015 | 02322350 | BINGHAM, BENJAMIN R | SELECTED | 10/05/2015 |

# *PROCEEDING INFORMATION*

| SEQ | DATE FILED | VOLUME | PAGE | PAGE COUNT |
|-----|-----------|--------|------|-----------|
| 00001 | 08/17/2011 | 2067 | 9787 | 0009 |

DESC: PLAINTIFF'S ORIGINAL PETITION
; DEMAND DIE TRUST ACCOUNTING;
AND REQUEST FOR DISCLOSURE

| 00002 | 08/23/2011 | 2068 | 2508 | 0002 |

DESC: PERSONAL CITATION
DIANE M. FLORES, 08/23/2011

| 00003 | 08/23/2011 | 2068 | 2510 | 0001 |

DESC: PERSONAL CITATION
SANDRA GARZA DAVIS, 08/22/2011

00004      09/09/2011          2069      1865        0002

DESC: ORIGINAL ANSWER

           SANDRA C. SAKS

00005      09/09/2011          2069      1867        0002

DESC: ORIGINAL ANSWER

           DIANE M. FLORES

00006      09/19/2011          2069      6706        0001

DESC: PROOF OF SERVICE

           MARGARET LANDEN CORINNA SAKS

00007      11/10/2011          2072      7743        0008

DESC: CONTEST

           MOTION TO REMOVE DIANE M. FLORES AS

           TRUSTEE OF THE SAKS CHILDERNS TRUST AND

           APPLICATION FOR INJUNCTIVE RELIEF

00010      12/13/2011          2075      0082        0011

DESC: MOTION TO

           QUASH THE ORAL & VIDEO DEPOSITION OF

           DIANE M FLORES

00011      12/13/2011          2075      0093        0011

DESC: MOTION TO

           QUASH THE ORAL & VIDEO DEPOSITION OF

           SANDRA C SAKS

00012      12/13/2011          2075      0104        0007

DESC: NOTICE OF INTENT TO TAKE DEPOS

           BY WRITTEN QUESTIONS

           CUSTODIAN OF RECORDS FOR-W.RANDOLPH

           DAVIS AND/OR BOULDER INVESTMENTS INC

00013      12/13/2011          2075      0111        0016

DESC: NOTICE OF INTENT TO TAKE DEPOS

           BY WRITTEN QUESTIONS

           CUSTODIAN OF RECORDS FOR-SUNSET PARTNERS

           J.V.,5631 BROADWAY VENTURE,DIJON PLAZA

           J.V.,5321 BROADWAY PARTNERS, J.V.

00015      12/13/2011          2075      0341        0002

DESC: DEPOSITION CERT. OF

           ORIGINAL

00009      12/14/2011          2075      0070        0009

DESC: MOTION FOR

           PROTECTIVE ORDER

00008      12/15/2011          2075      0080        0002

DESC: ANSR/ATTY AD LITEM

           AMENDED

00022      12/19/2011          2075      3390        0007

DESC: AMENDED

           FIRST MOTION TO REMOVE DIANE M. FLORES

           AS TRUSTEE OF THE SAKS CHILDREN TRUST

           AND APPLICATION FOR INJUNCTIVE RELIEF

00014      12/20/2011          2075      0079        0001

DESC: REQUEST FOR

           PREPARATION OF SUBPOENAS TO SERVE:

           DIANE M. FLORES, PERRY DONOP, JR. AND

           LEONARD J. GITTINGER, JR.

| | | | | |
|---|---|---|---|---|
| 00016 | 12/21/2011 | 2075 | 2475 | 0002 |

DESC: SUBPOENA

SERVED 12/20/2011

| | | | | |
|---|---|---|---|---|
| 00017 | 12/21/2011 | 2075 | 2477 | 0002 |

DESC: SUBPOENA

SERVED 12/20/2011_DIANE M. FLORES

| | | | | |
|---|---|---|---|---|
| 00018 | 12/21/2011 | 2075 | 2479 | 0002 |

DESC: SUBPOENA

SERVED 12/20/2011 LEONARD J. GITTINGER

| | | | | |
|---|---|---|---|---|
| 00019 | 12/21/2011 | 2075 | 2481 | 0002 |

DESC: SUBPOENA

HARRY T. DROUGHT,DR

| | | | | |
|---|---|---|---|---|
| 00020 | 12/21/2011 | 2075 | 2483 | 0003 |

DESC: SUBPOENA

SANDRA C. SAKS, C/O ADAM CORTEZ

| | | | | |
|---|---|---|---|---|
| 00021 | 12/21/2011 | 2075 | 2486 | 0002 |

DESC: SUBPOENA

W. RANDOLPH DAVID

| | | | | |
|---|---|---|---|---|
| 00024 | 01/03/2012 | 2075 | 7633 | 0003 |

DESC: BOND

| | | | | |
|---|---|---|---|---|
| 00025 | 02/01/2012 | 2077 | 4371 | 0002 |

DESC: CERTIFICATE

DEPOSITION $115

| | | | | |
|---|---|---|---|---|
| 00026 | 02/01/2012 | 2077 | 4373 | 0002 |

DESC: CERTIFICATE

DEPOSITION. $194

| | | | | |
|---|---|---|---|---|
| 00027 | 02/01/2012 | 2077 | 4375 | 0004 |

DESC: AMENDED

NOTICE OF INTENTION DEPOSTION

| | | | | |
|---|---|---|---|---|
| 00028 | 02/01/2012 | 2077 | 4379 | 0010 |

DESC: NOTICE OF INTENT TO TAKE DEPOS

| | | | | |
|---|---|---|---|---|
| 00029 | 02/01/2012 | 2077 | 4389 | 0002 |

DESC: CERTIFICATE

DEPOSITION. $155

| | | | | |
|---|---|---|---|---|
| 00030 | 02/01/2012 | 2077 | 4391 | 0002 |

DESC: CERTIFICATE

DEPOSITION $205

| | | | | |
|---|---|---|---|---|
| 00031 | 02/09/2012 | 2078 | 2443 | 0001 |

DESC: WORK REQUEST

SUBPOENA

| | | | | |
|---|---|---|---|---|
| 00032 | 02/14/2012 | 2078 | 2444 | 0002 |

DESC: SUBPOENA

BROADWAY BANK

| | | | | |
|---|---|---|---|---|
| 00033 | 02/14/2012 | 2078 | 2446 | 0002 |

DESC: SUBPOENA

JEFFERSON STATE BANK

| | | | | |
|---|---|---|---|---|
| 00034 | 02/14/2012 | 2078 | 2448 | 0002 |

DESC: SUBPOENA

CITIZENS STATE BANK

| | | | | |
|---|---|---|---|---|
| 00035 | 02/21/2012 | 2079 | 3333 | 0002 |

DESC: CERTIFICATE

OF DEPOSITION - RECORDS FROM W RANDOLPH

295

DAVIS AND/OR BOULDER INVESTMENTS

00036    02/21/2012          2079    3335        0002
DESC: CERTIFICATE
         OF DEPOSTION - RECORDS FROM HERBERT E
         POUNDS

00037    02/21/2012          2079    3337        0004
DESC: NOTICE OF INTENT TO TAKE DEPOS
         BY WRITTEN QUESTIONS - RICHARD PEACOCK
         JR FOR CAFE SOLEIL AND PALOMA BLANCA INC

00039    02/28/2012          2079    4146        0004
DESC: MOTION TO COMPEL
         ENTRY OF SCHEDULING ORDER AND/OR DIS-
         COVERY CONTROL PLAN

00040    02/28/2012          2079    4150        0004
DESC:
         LAUREN SAKS' SPECIAL EXCEPTIONS TO
         DIANE (SIC)M. FLORES' FIRST AMENDED
         ANSWER

00041    02/28/2012          2079    4154        0006
DESC: MOTION TO COMPEL
         PRODUCTION FROM DIANE (SIC)M. FLORES AND
         SANDRA SAKS

00042    02/28/2012          2079    4160        0012
DESC: MOTION TO COMPEL
         THE ORAL DEPOSITION DUCES TECUM OF A
         NON-PARTY WITNESS,JON SANDIDGE

00046    02/29/2012          2081    5928        0332
DESC:
         INTERIM TRUSTEE'S REPORT; VOL. 1

00047    02/29/2012          2081    6260        0615
DESC:
         INTERIM TRUSTEE'S REPORT; VOL.2

00044    03/21/2012          2080    3323        0002
DESC: ANSWER
         SECOND AMENDED;DIANE M. FLORES'

00045    03/21/2012          2080    3325        0001
DESC: CLAIM
         SATIFSFACTION AND RELEASE-WEST ASSET
         MANAGEMENT,INC FOR USAA

00048    04/20/2012          2083    0200        0007
DESC: MOTION TO
         APPROVE SETTLEMENT AGREEMENT

00049    05/09/2012          2083    7454        0001
DESC:
         APPEARANCE OF COUNSEL

00050    05/30/2012          2085    1369        0018
DESC: APPL. TO
         PAY INTERIM TRUSTEE'S FEES

00052    05/30/2012          2085    7697        0002
DESC: APPL. FOR
         DIRECTION FROM COURT

00053    06/29/2012          2087    2607        0006
DESC: MOTION TO

ENFORCE SETTLEMENT AGREEMENT

| 00057 | 06/29/2012 | 2088 | 2649 | 0002 |

DESC: MOTION FOR

ATTORNEY TO SHOW AUTHORITY

| 00059 | 07/10/2012 | 2088 | 2652 | 0002 |

DESC: MOTION FOR

ATTORNEY TO SHOW AUTHORITY (LAUREN SAKS

MERRIMAN'S FIRST AMENDED RULE 12)

| 00054 | 07/18/2012 | 2088 | 0298 | 0001 |

DESC:

VACATION LETTER

| 00055 | 07/18/2012 | 0000 | 0000 | 0000 |

DESC: RESPONSE

OJECTION TO LAUREN SAKS MERRIMN'S FIRST

AMENDED RULE 12 MOTION FOR ATTY TO SHOW

AUTHORITY

| 00056 | 07/18/2012 | 2088 | 0298 | 0001 |

DESC:

VACATION LTTR

| 00061 | 07/18/2012 | 2088 | 5312 | 0005 |

DESC: OBJECTION

TO LAUREN SAKS MERRIMAN'S FIRST

AMENDED RULE 12 MOTION FOR ATTORNEY

TO SHOW AUTHORITY

| 00063 | 07/24/2012 | 2088 | 6704 | 0019 |

DESC: AMENDED

NOTICE OF APPEARANCE OF COUNSEL

| 00062 | 08/10/2012 | 2089 | 4792 | 0004 |

DESC: MOTION FOR

AUTHORITY

| 00067 | 08/20/2012 | 2093 | 4886 | 0002 |

DESC: COURT CORRESPONDENCE

FROM HEINRICHS AND DEGENNARO

| 00069 | 08/20/2012 | 2093 | 4889 | 0002 |

DESC: COURT CORRESPONDENCE

FROM DIANA G FLORES

| 00070 | 08/20/2012 | 2093 | 4891 | 0010 |

DESC: COURT CORRESPONDENCE

FROM W.RANDOLPH DAVIS

| 00071 | 08/21/2012 | 2093 | 4901 | 0013 |

DESC: MOTION TO

COMPEL ATTENDANCE FRM LARUEN SAKS

| 00066 | 09/04/2012 | 2093 | 6823 | 0003 |

DESC: MOTION TO WITHDRAW AS ATTORNEY

| 00076 | 09/20/2012 | 2095 | 0397 | 0001 |

DESC: RECEIPT

OF EXHIBITS

| 00077 | 09/20/2012 | 2095 | 0398 | 0001 |

DESC:

E-MAIL SENT FROM ADAM CORTEZ TO

SANDY SAKS

| 00072 | 09/21/2012 | 2094 | 8213 | 0002 |

DESC: APPL. FOR

DIRECTION FROM THE COURT

00075    09/26/2012        2095    2856        0017
DESC: MOTION FOR
         RECOVERY OF ATTORNEY'S FEE AND COSTS
         FROM A COMMON FUND

00079    09/26/2012        2095    4506        0025
DESC: CONSENT
         TO REVOCATION ON 04-02-2012 MEDIATED
         SETTLEMENT AGREEMENT

00078    09/27/2012        2095    4493        0013
DESC:
         REVOCTION OF CONSENT AND AGREEMENT TO
         MEDIATED SETTLEMENT AGREEMENT

00073    09/28/2012        2095    5688        0031
DESC: CONTEST

00081    10/01/2012        2095    3404        0082
DESC: OBJECTION
         TO ORDER COMPELLING ATTENDENCE AT
         MEDIATION AND ARBITRATION

00082    10/01/2012        2096    2567        0009
DESC: MOTION TO
         ENTER APRIL 2, 2012 SETTLEMENT AGREEMENT
         REACHED IN MEDIATION AND APPROVED BY THE
         COURT MAY 8, 2012

00080    10/02/2012        2095    7172        0006
DESC: MOTION FOR
         CONSOLIDATION OF UPCOMING HEARINGS ON
         SANDRA SAKS' PRO SE MOTIONS

00085    10/05/2012        2096    2577        0008
DESC: MOTION FOR
         RULE 13 SANCTIONS AGAINST SANDRA SAKS

00090    10/17/2012        2096    5513        0004
DESC: RESPONSE
         TO SANDRA SAKS "OBJECTIONS TO THE ORDER
         AUTHORIZING INTERIM TRUSTEE SIGNED BY
         THE COURT AND FILED 08-31-2012,MOTION
         TO SET ASIDE,MODIFY,CORRECT AND/OR
         VACATE ORDER AUTHORIZING INTERIM TRUSTEE

00091    10/17/2012        2096    5517        0007
DESC: RESPONSE
         TO SANDRA SAKS "OBJECTIONS TO ORDER
         COMPELLING ATTENDANCE AT MEDIATION AND
         ARBITRATION SIGNED BY THE COURT 9-5-2012
         MOTION TO SET ASIDE,MODIFY,CORRECT AND/O
         R VACATE ORDER COMPELLING ATTENDANCE
         AT MEDIATION AND/OR ARBITRATION AND
         MOTION TO ENTER COURT

00092    10/31/2012        2097    1335        0090
DESC: APPL. TO
         CONFIRM ARBITRATOR'S AWARD AND ENTER
         JUDGMENT THEREON

00094    11/09/2012        0000    0000        0000
DESC:

298

VACATION LETTER - SANDRA SAKS

00093    11/13/2012          2098     1288          0004
DESC: MOTION TO
         SERVE SANDRA C. SAKS BY MAIL

00095    11/29/2012          2098     8995          0005
DESC: MOTION TO
         CORRECT 10/16/12 ORDER DENYING MOTION TO
         ENTER 04/02/2012 SETTLEMENT AGREEMENT RE
         ACHED IN MEDIATION AND APPROVED BY THE C
         OURT 05/08/12

00100    12/04/2012          2099     3374          0001
DESC: RECEIPT & RELEASE
         1228.87

00101    12/04/2012          2099     3375          0001
DESC: RECEIPT & RELEASE
         1228.87

00102    12/04/2012          2099     3376          0001
DESC: RECEIPT & RELEASE
         1228.87

00103    12/04/2012          2099     3377          0001
DESC: RECEIPT & RELEASE
         4797.15

00104    12/04/2012          2099     3378          0001
DESC: RECEIPT & RELEASE
         4797.15

00105    12/04/2012          2099     3379          0001
DESC: RECEIPT & RELEASE
         4797.15

00099    12/05/2012          2099     3373          0001
DESC: COURT CORRESPONDENCE

00097    12/07/2012          2099     5910          0010
DESC: COURT CORRESPONDENCE

00106    01/04/2013          2100     9426          0091
DESC: OBJECTION
         TO STATUTORY PROBATE COURT ENTERED
         ORDERS WITH LACK OF JURISDICTION.
         OBJECTIONS TO ALL THE COURTS RULINGS
         FRM 12-21-2011 TO PRESENT. REQUEST
         THAT THE COURT DETERMINE IT HAS NO
         JURISDICTION AND DISMISS,ADDITONALY IF
         COURT REFUSE TO ACKNOWLEDGE LACK OF
         JURISDICTION AND/OR PLENARY POWERS,
         SANDRA SAKS ASK COURT TO VACATE AND
         SET ASIDE ALL ORDERS ENTERED

00111    01/25/2013          2103     0601          0016
DESC: RESPONSE
         LAUREN SAKS MERRIMAN'S TO SANDRA SAKS
         MOTION WITH OBJECTIONS TO THE STATUTORY
         PROBATE COURT ENTERED ORDERS, ET SEQ
         AND MOTION FOR FINALITY

00107    01/29/2013          2102     3444          0014
DESC: MOTION TO

299

DISMISS SANDRA SAKS

MOTION FOR RULE13 AGAINST LAUREN SAKS,

CHRIS HEINRICHS, JOHNATHAN YEDOR, BARRET

SHIPP-OBJECTIONS TO ALL THE COURTS

RULING FROM 12/12/11 TO PRESENT EFFECTIN

SANDRA SAKS-MOTION RQSTING THE COURT DET

ERMINE IT HAS NO JURISDICTION AND DISMIS

SANDRA SAKS FROM ALL PROCEEDINGS-MOTION

TO FIND AND ORDER ALL RULING, ORDERS

EFFECTING SANDRA SAKS

00112    02/05/2013          2103    0617        0017
DESC: RESPONSE

MARGARET LANDEN SAKE, OBJECTIONS, AND

REQUEST FOR CLARIFICATION

00109    02/06/2013          2102    7681        0009
DESC: MOTION FOR

RECUSAL AND SUPPORTING BRIEF

00113    02/06/2013          2103    0634        0010
DESC: RESPONSE

LAUREN SAKS MERRIMAN TO MARGARET

LANDEN SAKS, OBJECTIONS,AND REQUEST FOR

CLARIFICATION

00114    02/12/2013          2103    4022        0002
DESC: COURT CORRESPONDENCE

00115    02/12/2013          2103    4024        0002
DESC: COURT CORRESPONDENCE

00123    03/14/2013          2106    6787        0019
DESC: PLAINTIFF'S

MOTION TO ENTER ORDER RE: MARCH 6, 2013

HEARING

00117    03/15/2013          2105    5783        0002
DESC: NOTICE

OF CHANGE OF ADDRESS OF COUNSEL FOR

DIANE M. FLORES

00118    03/21/2013          2105    7773        0015
DESC: PLAINTIFF'S

BRIEF IN SUPPORT OF APPLICATION TO

CONFIRM ARBITRATOR'S AWARD AND ENTER JUD

GMENT THEREON

00119    04/02/2013          2106    2862        0001
DESC: REQUEST FOR

SUBPOENA PVT PROCESS SRV'D

LAUREN SAKS BY AND THROUGH HER ATTY

W. RANDOLPH DAVID

00120    04/03/2013          2106    2863        0001
DESC: REQUEST FOR

SUBPOENA PVT PROCESS BY AND THROUGH

HER ATTY CHRIS HEINRICHS AND BARRETT

SHIPP

00121    04/03/2013          2106    5430        0002
DESC: SUBPOENA

SRVD-04/03/2013-W. RANDOLPH DAVIS

300

00122    04/03/2013        2106    5432      0001
DESC: SUBPOENA

         SRVD-BARRETT HEINRICHS-04/03/2013
00126    04/04/2013        2106    6808      0005
DESC: MOTION TO

         QUASH TRIAL SUBPEONA ISSUED TO LAUREN

         SAKS
00127    04/05/2013        2106    6813      0074
DESC: RESPONSE

         LAUREN SAKS' RESPONSE AND OBJECTIONS

         TO PLAINTIFF'S BRIEF IN SUPPORT OF

         APPLICATION TO CONFIRM ARBITRATION'S

         AWARD AND ENTER JUDGMENT THEREON
00128    04/05/2013        2106    6887      0003
DESC: MOTION FOR

         CONTINUANCE AND OR RESET
00129    04/05/2013        2106    6890      0002
DESC: OBJECTION

         AND RESPONSE TO W. RANDOLPH DAVIS AND

         MOTION TO DISQUALIFY W. RANDOLPH DAVIS
00130    04/05/2013        2106    6892      0005
DESC: OBJECTION

         LAUREN SAKS' OBJECTION TO SUBPEONA

         AND MOTION FOR PROTECTION ORDER
00131    04/24/2013        2108    5754      0086
DESC: MOTION TO

         ENTER ORDER CONFIRMING AWARD OF

         ARBITRATION AND FINAL JUDGMENT
00132    05/21/2013        2109    7404      0003
DESC: REQUEST FOR

         FINDINGS OF FACTS AND CONCLUSIONS OF LAW
00133    05/29/2013        2110    1944      0010
DESC: RESPONSE

         LAUREN SAKS MERRIMAN'S TO LANDEN SAKS'

         REQUEST FOR FINDINGS OF FACT AND

         CONCLUSIONS OF LAW
00135    06/03/2013        2111    3921      0005
DESC: OBJECTION

         TO ARBITRATION AWARD & MOTION TO VACATE
00134    06/06/2013        2110    7116      0005
DESC: MOTION FOR

         NEW TRIAL
00137    06/10/2013        2111    3935      0003
DESC: MOTION TO

         ENFORCE ORDER CONFIRMING AWARD OF

         ARBITRATOR AND FINAL JUDGEMENT
00136    06/17/2013        2111    3927      0008
DESC: RESPONSE
00139    07/01/2013        2112    6456      0010
DESC: PLAINTIFF'S ORIGINAL PETITION

         IN INTERVENTION
00141    07/11/2013        2113    0530      0003
DESC: MOTION TO

SEVER

00142   07/22/2013          2113    6568        0004
DESC: ORIGINAL ANSWER

00143   07/22/2013          2113    6421        0003
DESC: PERSONAL CITATION
        LEE NICK MCFADIN,III WAS SERVED BY PVT
        PROCESS ON 07/15/2013

00144   07/24/2013          2113    8460        0008
DESC: DEFENDANT'S
        CITIZEN'S STATE BANK'S COUNTERCLAIM.

00145   07/31/2013          2114    2281        0004
DESC: APPL. FOR
        ORDER ENFORCING JUDGEMENT

00149   08/01/2013          2114    4160        0004
DESC: MOTION FOR
        CITIZENS STATE BANK'S SPECIAL EXCEPTIONS

00146   08/02/2013          2114    4154        0004
DESC: ORIGINAL ANSWER

00147   08/02/2013          2114    4065        0016
DESC: NOTICE
        OF APPEAL

00148   08/02/2013          2114    4158        0002
DESC: NOTICE
        OF APPEAL

00151   08/12/2013          2115    3612        0002
DESC: NOTICE
        FOURTH COURT OF APPEALS

00152   08/12/2013          2115    3614        0002
DESC: APPEAL
        FOURTH COURT

00153   08/13/2013          2115    5878        0002
DESC: PAUPER'S OATH

00160   08/14/2013          2115    9780        0015
DESC: MOTION FOR
        TRUSTEE'S - AUTHORITY AND FOR EXPEDITED
        HEARING

00154   08/15/2013          2115    8269        0003
DESC: AFFIDAVIT

00186   08/15/2013          2121    2338        0011
DESC: MOTION TO
        SET AMOUNT OF SECURITY ON JUDGMENT FOR
        REAL PROPERTY

00155   08/16/2013          2115    9064        0012
DESC: REQUEST FOR
        PREPARATION OF CLERK'S RECORD

00156   08/16/2013          2115    9076        0011
DESC: REQUEST FOR
        PREPARATION OF CLERK'S RECORD

00157   08/16/2013          2115    9087        0004
DESC: MOTION TO
        EXTEND TIME FOR FILING REQUEST OF A
        COURTS RECORD AND CLERKS RECORD

302

00158    08/16/2013         2115    9091      0003
DESC: RESPONSE
         AND OBJECTIONS TO TRUSTEE'S
         MOTION/APPLICATION FOR ORDER ENFORCING
         JUDGMENT

00159    08/16/2013         2115    9094      0003
DESC: RESPONSE
         AND OBJECTIONS TO LAUREN SAKS MERRIMAN'S
         MOTION TO ENFORCE ORDER CONFIRMING
         AWARD OF ARBITRATION AND FINAL JUDGMENT

00161    08/19/2013         2116    0467      0012
DESC: AFFIDAVIT
         OF INABILITY TO PAY COSTS

00163    08/22/2013         2116    2653      0001
DESC: COURT CORRESPONDENCE
         FOURTH COURT OF APPEALS

00166    08/23/2013         2116    3563      0002
DESC: NOTICE
         OF NONSUIT WITHOUT PREJUDICE

00164    08/26/2013         2116    2654      0001
DESC: COURT CORRESPONDENCE
         FOURTH COURT OF APPEALS

00165    08/26/2013         2116    3561      0002
DESC: COURT CORRESPONDENCE
         FOURTH OF APPEALS

00168    09/09/2013         2117    4232      0001
DESC: COURT CORRESPONDENCE
         FOURTH COURT OF APPEALS

00167    09/10/2013         2117    5827      0001
DESC: COURT CORRESPONDENCE
         FOURTH COURT OF APPEALS

00170    09/18/2013         2118    3570      0001
DESC: COURT CORRESPONDENCE
         FOURTH COURT OF APPEALS

00174    09/18/2013         2119    3404      0002
DESC: DESIGNATION
         OF CLERK'S RECORD

00171    09/25/2013         2118    5794      0001
DESC: COURT CORRESPONDENCE
         FROM COURT OF APPEALS TO SANDRA C. SAKS,
         W. RANDOLPH DAVIS,JONATHAN YEDOR,
         JEFF SMALL

00172    09/30/2013         2119    3414      0003
DESC: DEFENDANT'S
         CITIZENS STATE BANK'S MOTION TO NONSUIT

00173    10/08/2013         2119    5532      0001
DESC: COURT CORRESPONDENCE
         COURT OF APPEALS

00175    10/10/2013         2119    8287      0031
DESC: MOTION FOR
         (TRUSTEE'S) DISCOVERY SANCTIONS AND TO
         COMPEL DISCOVERY

303

00176    10/10/2013       2119      8318      0003
DESC: MOTION TO
            (TRUSTEE'S) ENFORCE JUDGMENT AND ORDERS
            TO EXECUTE CONEYANCE DOCUMENTS AND FOR
            CONTEMPT

00178    10/10/2013       2119      8320      0014
DESC: PLAINTIFF'S
            FIRST AMENDED PETITION

00179    10/11/2013       2119      8606      0007
DESC: AFFIDAVIT
            JOE GARCIA

00180    10/14/2013       2120      0743      0004
DESC: AFFIDAVIT
            RICARDO ELIZONDO

00181    10/14/2013       2120      0747      0004
DESC: AFFIDAVIT
            ROLAND DUCK

00182    10/14/2013       2120      0751      0004
DESC: AFFIDAVIT
            ROLAND DUCK

00183    10/14/2013       2120      0755      0004
DESC: AFFIDAVIT
            JEFF MARRIOTT

00188    10/17/2013       2121      2349      0011
DESC: OBJECTION
            GRANTING MOTION TO ENFORCE ORDER
            ENFORCING GRANTING TRUSTEES MOTION TO
            SEVERE AND ORDER DENYING TO SET
            SUPERCIDIOUS BOND

00184    10/25/2013       2120      9515      0003
DESC: COURT CORRESPONDENCE
            FOURTH COURT OF APPEALS

00189    10/29/2013       2121      2360      0015
DESC:
            TRUSTEE'S REPORT ON PROPERTIES

00191    10/30/2013       2121      3008      0001
DESC:
            COURT OF APPEALS

00192    10/31/2013       2121      3760      0004
DESC: AFFIDAVIT

00193    11/04/2013       2121      3764      0002
DESC: CERTIFICATE
            OF SERVICE

00194    11/06/2013       2121      6979      0042
DESC:
            COPY OF THE SAKS CHILDREN FAMILY TRUST
            AGREEMENT.

00259    11/08/2013       2148      3093      0004
DESC:
            LETTER FROM BINGHAM & LEA, P.C. TO
            JUDGE SPENCER

00195    11/14/2013       2122      1248      0008
DESC: JURY DEMAND

304

| | | | | |
|---|---|---|---|---|
| 00196 | 11/14/2013 | 2122 | 1256 | 0004 |
| | DESC: OBJECTION | | | |
| | TO TRUSTEE'S REPORT ON PROPERTIES | | | |
| 00197 | 11/14/2013 | 2122 | 1246 | 0002 |
| | DESC: NOTICE | | | |
| | APPEARANCE OF COUNSEL | | | |
| 00198 | 11/15/2013 | 2122 | 3013 | 0002 |
| | DESC: NOTICE | | | |
| | OF APPEARANCE OF COUNSEL | | | |
| 00199 | 11/19/2013 | 2122 | 3718 | 0013 |
| | DESC: MOTION TO | | | |
| | SHOW AUTHORITY, MOTION TO DISQUALIFY | | | |
| | AND MOTION TO STRIKE PLEADINGS | | | |
| 00200 | 11/19/2013 | 2122 | 3731 | 0007 |
| | DESC: ANSWER | | | |
| | TO PLAINTIFFS FIRST AMENDED PETITION | | | |
| 00201 | 11/20/2013 | 2122 | 3921 | 0001 |
| | DESC: COURT CORRESPONDENCE | | | |
| | FROM 4TH COURT OF APPEALS | | | |
| 00203 | 11/25/2013 | 2122 | 7779 | 0001 |
| | DESC: COURT CORRESPONDENCE | | | |
| | FOURTH COURT OF APPEALS | | | |
| 00204 | 11/27/2013 | 2122 | 9288 | 0002 |
| | DESC: NOTICE | | | |
| | OF DEPOSIT INTO REGISTRY | | | |
| 00205 | 12/02/2013 | 2122 | 9290 | 0006 |
| | DESC: RESPONSE | | | |
| | TRUSTEE'S | | | |
| 00206 | 12/02/2013 | 2122 | 9296 | 0001 |
| | DESC: COURT CORRESPONDENCE | | | |
| | FOURTH COURT OF APPEALS-SANDRA C. SAKS | | | |
| 00207 | 12/04/2013 | 2123 | 0912 | 0018 |
| | DESC: ANNUAL ACCOUNT | | | |
| | FIRST AMENDED | | | |
| 00208 | 12/04/2013 | 2123 | 0780 | 0004 |
| | DESC: MOTION TO | | | |
| | QUASH SUBPOENA | | | |
| 00209 | 12/04/2013 | 0200 | 0784 | 0002 |
| | DESC: SUBPOENA | | | |
| | LEE NICK MCFADIN | | | |
| 00210 | 12/06/2013 | 2123 | 0786 | 0002 |
| | DESC: COURT CORRESPONDENCE | | | |
| | FOURTH COURT OF APPEALS | | | |
| 00211 | 12/12/2013 | 2123 | 6093 | 0002 |
| | DESC: NOTICE | | | |
| 00212 | 12/12/2013 | 2123 | 6095 | 0002 |
| | DESC: NOTICE | | | |
| 00213 | 12/20/2013 | 2124 | 0016 | 0001 |
| | DESC: COURT CORRESPONDENCE | | | |
| | FOURTH COURT OF APPEALS | | | |
| 00214 | 12/23/2013 | 2124 | 2737 | 0002 |
| | DESC: | | | |

305

ADVISORY TO THE COURT

00215    12/24/2013           2124      2739        0001
DESC: COURT CORRESPONDENCE
         FOURTH COURT OF APPEALS

00216    12/24/2013           2124      2741        0001
DESC: COURT CORRESPONDENCE
         FOURTH COURT OF APPEALS

00217    12/24/2013           2124      2742        0001
DESC: COURT CORRESPONDENCE
         FOURTH COURT OF APPEALS

00218    12/30/2013           2124      4292        0001
DESC: COURT CORRESPONDENCE
         FOURTH COURT OF APPEALS TO SANDRA C.
         SAKS

00220    12/31/2013           2124      5626        0001
DESC: COURT CORRESPONDENCE
         FOURTH COURT OF APPEALS

00219    01/02/2014           2124      5624        0002
DESC: COURT CORRESPONDENCE
         FOURTH COURT OF APPEALS

00221    02/05/2014           2126      4358        0002
DESC: NOTICE
         OF STATUS CONFERENCE

00223    03/05/2014           2128      9820        0005
DESC: COURT CORRESPONDENCE
         DESIGNATION OF SUPPLEMENTAL CLERKS
         RECORD

00222    03/18/2014           2129      0445        0023
DESC: ORIGINAL PETITION

00224    03/19/2014           2129      0650        0005
DESC: APPL FOR TEMPORARY RESTRAINING
         AND TEMPORARY INJUNCTION

00225    03/31/2014           2129      8632        0006
DESC: SUPPLEMENTAL
         TO TRUSTEE'S MOTION FOR ADDITIONAL
         DISCOVERY SANCTIONS AGAINST SANDRA SAKS

00228    04/28/2014           2131      7194        0022
DESC: DEFENDANT'S
         LEE NICK MCFADIN, III'S SUPPLEMENT TO
         MOTION TO SHOW AUTHORITY, MOTION TO
         DISQUALIFY & MOTION TO STRIKE PLEADINGS

00229    04/28/2014           2131      7188        0006
DESC: ORIGINAL ANSWER
         DEFENDANTS A. CHRIS HEINRICHS, J. BARRET
         T SHIPP AND HEINRIGHS & DEGENNARO, PC'S
         ORIGINAL ANSWER, GENERAL DENIAL AND REQU
         EST FOR DISCLOSURE SUBJECT TO DEFENDANTS
         RIGHTS TO COMPEL ARBITRATION

00230    05/08/2014           2132      2150        0004
DESC: MOTION TO
         ABATE AND COMPEL ARBITRATION AND ANSWER
         SUBJECT TO MOTION (B)

306

00232      07/08/2014              2136      1617         0012
           DESC: ANSWER/RESPONSE
                    RESPONSE IN OPPOSITION TO MOTION TO ABAT
                    E AND COMPEL ARBITRATION
00233      07/25/2014              2137      4677         0006
           DESC: APPL. FOR SALE OF PERSONAL PRO
00234      07/25/2014              2137      4671         0006
           DESC: APPL. FOR SALE OF REAL ESTATE
00235      07/28/2014              2137      3877         0006
           DESC: AMENDED APPLN FOR SALE OF PERS
00236      07/31/2014              2137      4632         0001
           DESC: NOTICE OF APPL SALE OF PERSONA
00237      07/31/2014              2137      4633         0001
           DESC: NOTICE OF APPL SALE OF REAL ES
00238      08/06/2014              2137      8335         0001
           DESC: NOTICE OF APPL SALE OF PERSONA
00239      08/06/2014              2137      8336         0001
           DESC: NOTICE OF APPL SALE OF REAL ES
00241      08/13/2014              2138      3435         0017
           DESC: REPORT SALE OF REAL ESTATE
                    REPORT OF SALE OF REAL PROPERTY
00242      08/13/2014              0000      0000         0000
           DESC: NO FEE DOCUMENTS
                    REPORT OF SALE OF PERSONAL PROPERTY
00243      08/13/2014              2138      2843         0003
           DESC: AFFIDAVIT
                    W. RANDOLPH DAVIS
00244      08/14/2014              2138      3067         0001
           DESC: RESPONSE
00245      08/14/2014              2138      3068         0001
           DESC: RESPONSE
00247      08/22/2014              2139      3044         0042
           DESC: OBJECTION SALE OF REAL ESTATE
                    INTERIM TRUSTEE'S
00248      08/22/2014              0000      0000         0000
           DESC: ANSWER/RESPONSE
                    ANSWER/RESPONSE OBJECTION REPORT OF SALE
                    OF PERSONAL PROPERTY DIJON PLAZA
00252      08/22/2014              2139      3087         0044
           DESC: OBJECTION SALE OF REAL ESTATE
00251      08/26/2014              2139      1966         0004
           DESC: MOTION TO
                    RECONSIDER DECREE APPROVING INTERIM
                    TRUSTEE'S REPORT OF SALE OF PERSON
                    PROPERTY
00270      08/27/2014              2157      4550         0003
           DESC: MOTION
                    AMENDED MOTION TO RECONSIDER THE ORDER
                    OF SALE OF PERSONAL PROPERTY AND DECREE
                    CONFIRMING SALE OF PERSONAL PROPERTY
00253      09/03/2014              0000      0000         0000
           DESC: MOTION

307

---

                    MOTION TO QUASH SUBPOENA
00254    09/03/2014         0000     0000      0000
         DESC: MOTION

                    MOTION DROP AND RE-SET HEARING
00255    09/03/2014         2139     7114      0002
         DESC: MOTION TO

                    QUASH SUBPOENA
00256    09/03/2014         2139     7112      0002
         DESC: MOTION TO

                    TO DROP SETTING AND RE-SET HEARING
00258    09/16/2014         2140     7321      0125
         DESC: APPL. FOR

                    EX PARTE RESTRAINING ORDER, TEMPORARY
                    INJUNCTION AND PERMANENT INJUNCTION
00260    02/05/2015         2149     7473      0014
         DESC: ANNUAL ACCOUNT

                    INTERIM TRUSTEE'S, ENDING DEC 31 2013
00261    03/11/2015         2152     3107      0013
         DESC: SUPPLEMENTAL

                    TO MOTION TO COMPEL ARBITRATION
00263    04/13/2015         2154     0849      0002
         DESC: NOTICE

                    OF HEARING

                    2011PC3466-B
00262    04/15/2015         0000     0000      0000
         DESC:

                    P/C IN DRAWER
                    P 260
                    P 261
00264    04/17/2015         2154     2608      0012
         DESC: ANNUAL ACCOUNT

                    TRUSTEE'S ANNUAL ACCOUNT FOR THE PERIOD
                    ENDED DECEMBER 31, 2014
00265    04/20/2015         2154     6713      0002
         DESC: NOTICE

                    OF HEARING: 5/26/15 @ 9:00AM
00266    04/28/2015         2155     0118      0002
         DESC: NOTICE

                    OF HEARING:SUPPLEMENTAL MOTION OF
                    MOVANT, MARCUS ROGERS: MAY 28, 2015 @
                    10:30AM
00267    04/30/2015         2155     2661      0002
         DESC: NOTICE

                    OF DEPOSIT OF FUNDS IN COURT'S REGISTRY
00268    05/27/2015         2157     1856      0001
         DESC: NOTICE

00272    07/08/2015         2159     9553      0001
         DESC: NOTICE

                    FROM SUPREME COURT OF TEXAS
00271    07/09/2015         2160     0573      0003
         DESC: MOTION FOR RELEASE OF FUNDS (S

                    FROM COURT'S REGISTRY

308

00273    07/23/2015        2161    1543      0029
         DESC: MOTION
                   JUDGMENT CREDITOR'S MOTION TO ORDER DISB
                   URSEMENT OF FUNDS FROM THE REGISTRY OF T
                   HE COURT IN PAYMENT OF JUDGMENT
00274    07/24/2015        2161    1811      0002
         DESC: NOTICE OF HEARING OF
                   MOTION OF MARCUS P ROGERS
00276    08/04/2015        2162    1038      0027
         DESC: MOTION
                   MOTION RECUSAL
00277    08/04/2015        2162    1066      0003
         DESC: MOTION
                   MOTION CONTINUANCE
00278    08/04/2015        2162    1073      0004
         DESC: MOTION
                   MOTION FOR ORDER AUTHORIZING SUBPOENA
00279    08/04/2015        2161    1811      0002
         DESC: NOTICE
                   OF HEARING
00282    08/04/2015        2162    1069      0004
         DESC: MOTION TO
                   TO CONTINUE HEARING ON MOTION TO RELEASE
                   FUNDS
00280    08/05/2015        2162    1077      0002
         DESC: ANSWER/RESPONSE
                   HEINRICHS & DE GENNARO'S REQUEST FOR SAN
                   CTIONS IN RESPONSE TO "VERIFIED MOTION F
                   OR RECUSAL AND SUPPORTING BRIEF"
00281    08/11/2015        2162    3199      0003
         DESC: AMENDED
                   REQUEST FOR SANCTIONS IN RESPONSE TO
                   "VERIFIED MOTION FOR RECUSAL AND
                   SUPPORTING BRIEF"
00283    08/14/2015        2162    3202      0010
         DESC: DEFENDANT'S
                   A. CHRIS HEINRICHS, J. BARRETT SHIPP AND
                   HEINRICHS & DE GENNARO, PC'S RESPONSE TO
                   MARGARET LANDEN SAKS' VERIFIED MOTION
                   FOR RECUSAL AND MOTION FOR SANCTIONS
00284    08/17/2015        2162    3212      0014
         DESC: RESPONSE
                   REPLY TO HEINRICHS & DEGENNARO'S AMENDED
                   REQUEST FOR SANCTIONS IN  RESPONSE TO
                   "VERIFIED MOTION FOR RECUSAL AND
                   SUPPORTING BRIEF
00285    08/17/2015        2162    3226      0034
         DESC: AMENDED
                   MOTION FOR RECUSAL AND REPLY BRIEF IN
                   SUPPORT OF AMENDED VERIFIED MOTION FOR
                   RECUSAL
00286    08/24/2015        2163    2030      0014
         DESC:

VERIFIED RESPONSE TO JUDGMENT CREDITOR'S
MOTION TO ORDER DISBURSEMENT OF FUNDS FR
OM THE REGISTRY OF THE COURT IN PAYMENT
OF JUDGMENT

00287    08/24/2015         2163    0685      0012
DESC: RESPONSE
TO JUDGMENT CREDITOR'S MOTION TO ORDER
DISBURSEMENT OF FUNDS FROM THE REGISTRY
OF THE COURT IN PAYMENT OF JUDGMENT

00288    08/24/2015         2163    1120      0007
DESC: MOTION
JUDGMENT CREDITOR'S AMENDED MOTION TO OR
DER DISBURSEMENT OF FUNDS FROM THE REGIS
TRY OF THE COURT IN PAYMENT OF JUDGMENT

00289    08/24/2015         2163    0697      0010
DESC: COUNTERCLAIM
PLEA IN INTERVENTION

00290    08/25/2015         2163    2026      0004
DESC: RESPONSE
TO MOTION FOR RELEASE OF FUNDS
FROM COURT'S REGISTRY

00292    08/28/2015         2163    4643      0015
DESC: MOTION
HEINRICHS & DE GENNARO'S MOTION TO STRIK
E LANDEN SAKS" PLEAS IN INTERVENTION

00295    09/15/2015         2164    5169      0005
DESC: MOTION

00296    09/17/2015         2165    3465      0029
DESC: MOTION
JUDGMENT CREDITOR'S SECOND AMENDED MOTIO
N TO ORDER DISBURSEMENT OF FUNDS FROM
THE REGISTRY OF THE COURT IN PAYMENT OF
JUDGMENT

00297    09/18/2015         2165    1063      0016
DESC: MOTION
HEINRICHS & DE GENNARO'S AMENDED MOTION
TO STRIKE LANDEN SAKS' PLEA IN INTERVENT
ION

00298    09/18/2015         2165    1058      0005
DESC:
HEINRICHS & DE GENNARO'S TRIAL BRIEF IN
SUPPORT OF ITS OBJECTION TO SANDRA SAKS
OR LANDEN SAKS PARTICIPATION IN THE HEAR
ING ON THE MOTION TO DISBURSE FUNDS FROM
THE REGISTRY OF THE COURT

00300    09/25/2015         2165    4423      0034
DESC: SUPPLEMENTAL
TO RESPONSE TO JUDGMENT CREDITOR'S
MOTION TO ORDER DISBURSEMENT OF FUNDS
FROM THE REGISTRY OF THE COURT IN
PAYMENT OF JUDGMENT

00301    09/25/2015         2165    5287      0002
DESC: NOTICE

310

OF WITHDRAWAL OF OBJECTION TO MOTION FOR

RELEASE OF FUNDS FROM COURT'S REGISTRY

00304    09/29/2015         2165     9184      0006

DESC: APPL. FOR SALE OF PERSONAL PRO

00305    09/29/2015         2165     9193      0007

DESC: APPL. FOR SALE OF REAL ESTATE

00302    10/01/2015         2165     8642      0001

DESC: NOTICE SALE OF REAL ESTATE

00303    10/01/2015         2165     8643      0001

DESC: NOTICE SALE OF PERSONAL PROPER

00306    10/02/2015         2166     0135      0004

DESC: RESPONSE

          TO COURT'S REQUEST FOR DOCKET CONTROL

          ORDER

00307    10/02/2015         2166     0139      0004

DESC: RESPONSE

          TO COURT'S REQUEST FOR DOCKET CONTROL

          ORDER

00308    10/02/2015         2166     0143      0004

DESC: RESPONSE

          TO COURT'S REQUEST FOR DOCKET CONTROL

          ORDER

00310    10/20/2015         2167     0568      0004

DESC: RESPONSE

          TO MOTION FOR SANCTIONS

00311    10/23/2015         2167     3830      0002

DESC: NOTICE

          OF APPEAL

00312    10/28/2015         2167     4927      0006

DESC:

          DECLARATION OF ROYAL B. LEA, III

00313    10/28/2015         2167     4933      0002

DESC: CERTIFICATE

          OF SERVICE

00314    10/29/2015         2167     6088      0002

DESC: CERTIFICATE

          CERTIFICATE OF SERVICE

00316    10/30/2015         2167     8560      0008

DESC: AMENDED APPLN FOR SALE OF REAL

00317    10/30/2015         2167     8627      0010

DESC: DESIGNATION

          COURT APPOINTED INTERIM TRUSTEE'S

          DESIGNATION OF EXPERTS

00318    11/03/2015         2167     8010      0002

DESC: NOTICE OF APPL SALE OF REAL ES

          (AMENDED)

00319    11/03/2015         2167     8008      0002

DESC: NOTICE OF APPL SALE OF PERSONA

          (AMENDED)

00320    11/04/2015         2168     4551      0035

DESC: REQUEST

          TO FORWARD CLERK'S RECORD ON APPEAL

---

MARGARET LANDEN SAKS

00321        11/12/2015          2168        4549          0002

DESC: REQUEST

TO FORWARD CLERK'S RECORD ON APPEAL

HEINRICHS & DE GENNARO, PC


**T R I A L     I N F O R M A T I O N**

| SEQ | DATE FILED | COURT | SETT. DATE | TIME | ATTY |
|-----|-----------|-------|-----------|------|------|
| 00023 | 12/19/2011 | 002 | 12/22/2011 | 09:30AM | |

DESC: ORDER SETTING HEARING

FIRST AMENDED TO REMOVE TRUSTEE ETC

| 00043 | 03/01/2012 | 002 | 03/06/2012 | 09:30AM | |

DESC: ORDER SETTING HEARING

INTERIM TRUSTEE' REPORT

| 00038 | 03/06/2012 | 002 | 04/03/2012 | 01:30PM | |

DESC: ORDER SETTING HEARING

INTERIM TRUSTEE'S REPORT

| 00051 | 05/30/2012 | 002 | 07/12/2012 | 09:30AM | |

DESC: ORDER SETTING HEARING

| 00058 | 06/29/2012 | 002 | 07/12/2012 | 09:30AM | |

DESC: ORDER SETTING HEARING

| 00060 | 07/10/2012 | 002 | 07/12/2012 | 09:30AM | |

DESC: ORDER SETTING HEARING

| 00068 | 08/20/2012 | 002 | 08/30/2012 | 02:00PM | |

DESC: ORDER SETTING HEARING

| 00064 | 09/05/2012 | 002 | 09/20/2012 | 01:30PM | |

DESC: ORDER SETTING HEARING

| 00065 | 09/20/2012 | 002 | 09/20/2012 | 01:30PM | |

DESC: HEARING HELD

MOTION TO WITHDRAW AS COUNSEL

| 00083 | 10/01/2012 | 002 | 10/08/2012 | 10:30AM | |

DESC: ORDER SETTING HEARING

MOTION TO ENTER 04/02/12 SETTLEMENT

AGREEMENT REACHED IN MEDIATION AND

APPROVED BY THE COURT ON 05/08/12

| 00084 | 10/03/2012 | 002 | 10/08/2012 | 10:30AM | |

DESC: ORDER SETTING HEARING

APPLICATION FOR DIRECTION FROM THE COURT

| 00086 | 10/05/2012 | 002 | 10/08/2012 | 10:30AM | |

DESC: ORDER SETTING HEARING

MOTION FOR RULE 13 SANCTIONS

| 00087 | 10/05/2012 | 002 | 10/08/2012 | 10:30AM | |

DESC: ORDER SETTING HEARING

AMENDED FIAT-MOTION FOR RULE 13 SANCTION

| 00088 | 10/11/2012 | 002 | 10/17/2012 | 04:30PM | |

DESC: PROBATE HEARING

OBJECTIONS TO THE ORDER COMPELLING

ATTENDANCE AT MEDIATION AND ARBITRATION

| 00089 | 10/11/2012 | 002 | 10/17/2012 | 04:30PM | |

DESC: PROBATE HEARING

OBJECTIONS TO ORDER AUTHORIZING

INTERIM TRUSTEE

00096    11/29/2012         002         12/05/2012 09:30AM      JBS
         DESC: ORDER SETTING HEARING

00098    11/30/2012         002         12/07/2012 09:30AM      MR
         DESC: ORDER SETTING HEARING

00110    01/25/2013         002         02/06/2013 09:30AM
         DESC: PROBATE HEARING
                MOTION WITH OBJECTIONS TO STATUTORY
                PROBATE COURT ENTERED ORDERS WITH
                LACK OF JURISDICTION

00108    01/29/2013         002         02/05/2013 03:30PM
         DESC: ORDER SETTING HEARING
                MOTION WITH OBJECTIONS

00116    02/20/2013         001         03/06/2013 09:30AM
         DESC: ORDER SETTING HEARING

00124    03/14/2013         001         03/18/2013 03:00PM
         DESC: ORDER SETTING HEARING

00125    03/18/2013         001         03/28/2013 02:00PM
         DESC: ORDER SETTING HEARING

00138    06/10/2013         001         06/17/2013 03:00PM
         DESC: ORDER SETTING HEARING

00140    07/12/2013         002         08/13/2013 02:00PM
         DESC: ORDER SETTING HEARING
                MOTION TO SEVER

00150    08/01/2013         002         08/16/2013 09:30AM
         DESC: ORDER SETTING HEARING

00187    08/15/2013         001         08/16/2013 03:15PM
         DESC: ORDER SETTING HEARING
                MOTION TO SET AMOUNT OF SECURITY

00162    08/19/2013         002         08/26/2013 04:30PM
         DESC: ORDER SETTING HEARING

00169    09/18/2013         001         10/29/2013 02:00PM
         DESC: ORDER SETTING HEARING
                MOTION TO SET AMOUNT OF SECURITY ON
                JUDGMENT FOR REAL PROPERTY

00177    10/10/2013         001         10/29/2013 02:00PM
         DESC: PROBATE HEARING
                TO ENFORCE JUDGMENT AND ORDERS TO EXECTE

00185    10/30/2013         001         11/05/2013 01:45PM
         DESC: ORDER SETTING HEARING
                TRUSTEE'S REPORT

00190    10/30/2013         002         11/05/2013 01:45PM
         DESC: ORDER SETTING HEARING

00202    11/26/2013         001         12/02/2013 03:30PM
         DESC: ORDER SETTING HEARING
                MOTION FOR ADDITIONAL DISCOVERY SANCTION
                AGAINST SANDRA SAKS

00226    04/01/2014         001         04/29/2014 02:00PM
         DESC: ORDER SETTING HEARING
                THE TRUSTEE'S REQUEST FOR ADDITIONAL
                AUTHORITY IN THE TRUSTEE'S REPORT ON
                PROPERTIES, FILED ON OCTOBER 29, 2013,

313

NICK MCFADIN'S MOTION TO SHOW AUTHORITY,
MOTION TO DISQUALIFY, AND MOTION TO
STRIKE PLEADINGS, AND TRUSTEE'S MOTION
FOR ADDITIONAL SANCTIONS AND SUPPLEMENT
THERETO.

00227   04/01/2014          001          04/29/2014 02:00PM
DESC: NOTICE
        TRUSTEE'S REQUEST FOR ADDITIONAL
        AUTHORITY IN THE TRUSTEE'S REPORT ON
        PROPERTIES

00231   06/18/2014          001          07/09/2014 03:00PM
DESC: ORDER SETTING HEARING
        MOTION OF DEFENDANT MARCUS ROGERS TO
        ABATE AND COMPEL ARBITRATION

00240   08/07/2014          001          08/13/2014 11:15AM
DESC: ORDER SETTING HEARING
        APPL. FOR SALE OF REAL PROPERTY AND
        AMENDED APPL. FOR SALE OF PERSONAL
        PROPERTY

00246   08/20/2014          001          08/26/2014 09:30AM
DESC: ORDER SETTING HEARING
        APPL. FOR SALE OR REAL PROPERTY,PERSONAL
        PROPERTY, REPORT OF SALE OF REAL AND
        PERSONAL PROPERTY

00250   08/27/2014          001          09/03/2014 11:30AM
DESC: ORDER SETTING HEARING
        AMENDED MOTION

00257   09/03/2014          001          09/15/2014 02:00PM
DESC: ORDER SETTING HEARING
        AMENDED MOTION TO RECONSIDER THE ORDER
        OF PERSONAL PROPERTY AND DECREE
        CONFIRMING SALE OF PERSONAL PROPERTY

00275   07/30/2015          001          08/05/2015 11:30AM
DESC: ORDER SETTING HEARING

00291   08/20/2015          001          09/03/2015 03:00PM
DESC: ORDER SETTING HEARING

00293   08/27/2015          002          09/25/2015 09:00AM
DESC: ORDER SETTING HEARING
        JUDGMENT CREDITOR'S SECOND AMENDED MOTIO
        TO ORDER DISBURSEMENT OF FUNDS FROM THE
        REGISTRY OF THE COURT

00294   08/27/2015          002          09/25/2015 09:00AM
DESC: ORDER SETTING HEARING
        MOTION TO STRIKE

00299   09/14/2015          001          09/25/2015 09:00AM
DESC: ORDER SETTING HEARING
        AMENDED FIAT ON MOTION TO STRIKE
        LANDEN SAKS PLEA

00309   10/08/2015          001          10/22/2015 02:00PM
DESC: ORDER SETTING HEARING

00315   10/28/2015          001          12/02/2015 03:30PM
DESC: ORDER SETTING HEARING

314

INTERIM TRUSTEE'S MOTION FOR SANCTIONS

00322    11/17/2015          001          12/02/2015 03:00PM
         DESC: ORDER SETTING HEARING
              AMENDED APPL FOR SALE PERSONAL PROP


              * O R D E R   I N F O R M A T I O N *

| SEQ | DATE FILED | JUDGE NAME | VOLUME | PAGE | PAGE CNT | AMOUNT | SOF |
|-----|------------|------------|--------|------|----------|--------|-----|
| 00001 | 12/28/2011 | TOM RICKHOFF | 2075 | 5069 | 0003 | 0.00 | |

DESC: ORDER APPOINTING
     INTERIM TRUSTEE,MARCUS ROGERS

| 00002 | 01/03/2012 | TOM RICKHOFF | 2075 | 7633 | 0003 | 100000.00 | |

DESC: ORDER APPROVING BOND

| 00003 | 03/12/2012 | TOM RICKHOFF | 2079 | 9879 | 0002 | 0.00 | |

DESC: AGREED ORDER
     GRANTING LAUREN SAKS' SPECIAL EXCEPTIONS
     TO DIANA G. FLORES' FIRST AMENDED ANSWER

| 00004 | 03/12/2012 | TOM RICKHOFF | 2079 | 9881 | 0002 | 0.00 | |

DESC: ORDER GRANTING
     MOTION TO COMPEL ORAL DEPOSITION OF NON
     PARTY WITNESS,JON SANDIDGE

| 00005 | 03/12/2012 | TOM RICKHOFF | 2079 | 9883 | 0002 | 0.00 | |

DESC: ORDER GRANTING
     LAUREN SAKS' MOTION TO COMPEL PRODUCTION
     FROM DIANE M FLORES AND SANDRA SAKS

| 00006 | 05/08/2012 | TOM RICKHOFF | 2083 | 7322 | 0002 | 0.00 | |

DESC: ORDER APPROVING
     SETTLEMENT AGREEMENT

| 00007 | 08/31/2012 | TOM RICKHOFF | 2093 | 6906 | 0003 | 0.00 | |

DESC: ORDER AUTHORIZING
     INTERIM TRUSTEE

| 00008 | 09/05/2012 | TOM RICKHOFF | 2094 | 3301 | 0003 | 0.00 | |

DESC: ORDER
     COMPELLING ATTENDANCE AT MEDIATION AND
     ARBITRATION

| 00009 | 09/20/2012 | GLADYS B. BURWELL | 2094 | 8465 | 0001 | 0.00 | |

DESC: MOTION TO

| 00010 | 10/16/2012 | TOM RICKHOFF | 2096 | 5511 | 0002 | 0.00 | |

DESC: ORDER DENYING
     MOTION TO ENTER 04-02-2012 SETTLEMENT
     AGREEMENT REACHED IN MEDIATION AND
     APPROVED BY THE COURT 05-08-2012

| 00011 | 12/06/2012 | TOM RICKHOFF | 2099 | 5389 | 0002 | 0.00 | |

DESC: ORDER TO
     SERVED SANDRA C SAKS BY EMAIL

| 00012 | 12/06/2012 | TOM RICKHOFF | 2099 | 5391 | 0002 | 0.00 | |

DESC: ORDER TO
     CORRECT OCTOBER 16, 2012 ORDER DENYING
     MOTION TO ENTER APRIL 2, 2012 SETTLEMENT
     AGREEMENT REACHED IN MEDIATION AND
     APPROVED BY THE COURT MAY 8, 2012

| 00013 | 12/07/2012 | TOM RICKHOFF | 2099 | 5393 | 0001 | 0.00 | |

DESC: ORDER

315

ON APPLICATION FOR DIRECTION FROM THE

COURT

00014 02/11/2013 TOM RICKHOFF          2103  0672  0002      0.00

DESC: ORDER

OF REFERRAL

00015 03/28/2013 POLLY JACKSON SPENCE  2106  2086  0003      0.00

DESC: ORDER

TO CONFIRM ABRBITRATION AWARD

00016 05/07/2013 POLLY JACKSON SPENCE  2108  5840  0081      0.00

DESC: ORDER CONFIRMING

AWARD OF ARBITRATOR AND FINAL JUDGMENT

00017 06/17/2013 POLLY JACKSON SPENCE  2111  3926  0001      0.00

DESC: ORDER

OVERRULING OBJECTIONS TO ARBITRATION

AWARD AND MOTION TO VACATE.

00018 07/01/2013 POLLY JACKSON SPENCE  2112  4125  0003      0.00

DESC: TEMP. REST. ORDER

00019 07/08/2013 POLLY JACKSON SPENCE  2112  7915  0001      0.00

DESC: ORDER DENYING

MOTION FOR NEW TRIAL

00020 08/16/2013 POLLY JACKSON SPENCE  2115  9774  0004      0.00

DESC: CONTEST

TRUSTEE'S CONTEST TO AFFIDAVIT OF

INDIGENCE AND TO CLAIMED NET WORTH FOR

SUPERSEDEAS BOND

00021 08/16/2013 POLLY JACKSON SPENCE  2115  9778  0002      0.00

DESC: ORDER

ON MOTION TO ENFORCE

00022 09/05/2013 POLLY JACKSON SPENCE  2117  5194  0002      0.00

DESC: ORDER

SUSTAINING CONTESTS TO AFFIDAVIT OF

INABILITY TO PAY COSTS

00023 09/17/2013 POLLY JACKSON SPENCE  2118  1043  0003      0.00

DESC: ORDER GRANTING

MOTION TO ENFORCE

00024 09/17/2013 POLLY JACKSON SPENCE  2118  1046  0004      0.00

DESC: ORDER

OF SEVERANCE

00026 09/24/2013 POLLY JACKSON SPENCE  2120  0759  0004      0.00

DESC: ORDER DENYING

MOTION TO STRIKE INTERVENTION

00025 09/30/2013 POLLY JACKSON SPENCE  2119  3417  0001      0.00

DESC: ORDER

NONSUITING CASE WITHOUT PREJUDICE

00027 11/05/2013 POLLY JACKSON SPENCE  2122  1709  0003      0.00

DESC: ORDER

ON DISCOVERY

00028 11/14/2013 POLLY JACKSON SPENCE  2122  1712  0069      0.00

DESC: ORDER

IN AID OF ENFORCEMENT OF JUDGMENT

00029 04/29/2014 POLLY JACKSON SPENCE  2131  7216  0001      0.00

DESC: ORDER DENYING

316

---

MTN BY DEFENDANT LEE NICK MCFADIN, LLL

TO SJOW AUTHORITY, MTN TO DISQUALIFY, AN

D MTN TO STRIKE PLEADINGS

00030  06/18/2014  POLLY JACKSON SPENCE      2134   6951   0002       0.00

DESC: ORDER GRANTING

HEARING ON JULY 9. 2014

00031  08/26/2014  POLLY JACKSON SPENCE      2139   1677   0002       0.00

DESC: ORDER AUTHORIZING SALE OF PERS

00032  08/26/2014  POLLY JACKSON SPENCE      2139   1679   0002       0.00

DESC: ORDER AUTHORIZING SALE OF REAL

00033  08/26/2014  POLLY JACKSON SPENCE      2139   1681   0002       0.00

DESC: DECREE CONFIRMING SALE

OF REAL PROPERTY

00034  08/26/2014  POLLY JACKSON SPENCE      2139   1683   0002       0.00

DESC: DECREE CONFIRMING SALE

OF PERSONAL PROPERTY

00035  06/04/2015  KELLY M. CROSS            2157   7637   0003       0.00

DESC: ORDER

ON MOTION TO ABATE AND COMPEL ARBITRATI-

ON

00036  07/24/2015  KELLY M. CROSS            2161   4242   0002       0.00

DESC: NOTICE

OF HEARING

00037  08/05/2015  KELLY M. CROSS            2161   9086   0002       0.00

DESC: ORDER

DECLINING VERIFIED MOTION FOR RECUSAL 8

SUPPORTING BRIEF

00038  08/21/2015  DAVID PEEPLES             2163   0151   0002       0.00

DESC: ORDER DENYING

MOTION TO RECUSE AND DENYING SANCTIONS

00039  09/25/2015  KELLY M. CROSS            2165   6518   0002   331879.97

DESC: ORDER AUTHORIZING DISBURSEMENT

00040  09/25/2015  KELLY M. CROSS            2165   6520   0001       0.00

DESC: ORDER

STRIKING INTERVENTION

00041  10/12/2015  KELLY M. CROSS            2166   5560   0005       0.00

DESC: ORDER FOR

DOCKET CONTROL

00042  10/22/2015  KELLY M. CROSS            2167   1716   0002       0.00

DESC: ORDER GRANTING

RELEASE OF FUNDS FROM COURT'S REGISTRY


* B O N D    I N F O R M A T I O N *

SEQ    DATE FILED   PRINCIPAL


00001    01/03/2012   MARCUS ROGERS

AGENT: SHERRI L. SCHRAER                        AMOUNT:   100000.00

SURETY: WESTERN SURETY CO.

REASON: INTERIM TRUSTEE OF SAKS                 FORM: CORP

RELEASE DATE:

317

# TAB 2

# ORDER STRIKING INTERVENTION

NO. 2011-PC-3466

| | | |
|---|---|---|
| LAUREN SAKS, a/k/a GLORIA LAUREN NICOLE SAKS, Plaintiff, | § § § | IN THE PROBATE COURT |
| V. | § § § | NO. 1 |
| DIANE M. FLORES AND, SANDRA GARZA DAVIS f/k/a SANDRA C. SAKS, Defendants | § § § | BEXAR COUNTY, TEXAS |

## ORDER STRIKING INTERVENTION

On September 25, 2015, the court came on to hear Heinrichs & De Gennaro's Amended Motion to Strike Landen Saks' Plea in Intervention. Heinrichs & De Gennaro, P.C., ("H&D"), Movant, appeared in person and by and through its attorney. Landen Saks, Respondent, appeared by and through her attorney of record.

Following the announcements from the parties, the court heard, having read the pleadings, heard the argument of counsel and finds the Motion to Strike the Intervention well taken.

It is therefore ORDERED that Land Saks "Verified Plea in Intervention" be and is hereby stricken pursuant to Tex. R. Civ. P. 60.

All relief not expressly granted, is denied.

Signed this 25th day of September, 2015.

_____
Kelly Cross
Judge Presiding

PREPARED BY:

Heinrichs & De Gennaro, P.C.
100 NE Loop 410, Suite 1075
San Antonio, Texas 78216
Telephone: (210) 366-0900
Facsimile: (210) 366-0981

By: _____
Jonathan Yedor, of Counsel
State Bar No. 22151400
jonathany@heinrichslaw.com
A. Chris Heinrichs
State Bar No. 09382500
chrish@heinrichslaw.com

FILED

SEP 25 2015

GERARD RICKHOFF
CLERK PROBATE COURT NO. 2
BEXAR COUNTY, TEXAS
BY: _____
DEPUTY

V02165P6520

6

# TAB 3

## ORDER TO DISBURSE FUNDS
## FROM THE REGISTRY OF THE COURT
## IN PAYMENT OF JUDGMENT

NO. 2011-PC-3466

| | | |
|---|---|---|
| LAUREN SAKS, a/k/a GLORIA LAUREN NICOLE SAKS, Plaintiff, | § § § | IN THE PROBATE COURT |
| V. | § § | NO. 1 |
| DIANE M. FLORES AND, SANDRA GARZA DAVIS f/k/a SANDRA C. SAKS, Defendants | § § § § | BEXAR COUNTY, TEXAS |

## ORDER TO DISBURSE FUNDS FROM REGISTRY OF THE COURT IN PAYMENT OF JUDGMENT

On this day the Court heard the Judgment Creditor's Motion to Order Disbursement of Funds from the Registry of the Court in Payment of Judgment filed by Heinrichs & De Gennaro, P.C., a professional corporation. The Movant appeared in person and by through its attorney. The Trustee of the Saks Children's Family Trust a/k/a the Saks Children's Trust and/or ATFL&L, appeared in person and by and through his attorney. Sandra C. Saks and Landen Saks were notified of the hearing but failed to appear/appeared in person and/or by and through their attorney.

After reviewing the pleadings on file and having heard the evidence and the argument of counsel, the court finds the Motion to be well taken and should be GRANTED.

**IT IS THEREFORE ORDERED** that Gerard Rickhoff, County Clerk of Bexar County, Texas, Trustee, issue from funds maintained by the clerk in the registry of the court on behalf of the Saks Children's Family Trust a/k/a the Saks Children's Trust and/or ATFL&L, a check payable to Heinrichs & De Gennaro, P.C., 100 NE Loop 410, Suite 1075, San Antonio, Texas 78216, in the amount of $331,879.97, as payment in full of Heinrichs & De Gennaro, P.C.'s Judgment against the Saks Children's Family Trust a/k/a the Saks Children's Trust and/or ATFL&L pursuant to *Tex. Prop. Code §52.001* and *Tex. Civ. Prac. & Rem. Code §31.002.*

1

V02165P6518

4

Signed this __25__ day of September, 2015.

_Kelly M Cross_
Judge Presiding

SUBMITTED BY:

Heinrichs & De Gennaro, P.C.
100 NE Loop 410, Suite 1075
San Antonio, Texas 78216
Telephone: (210) 366-0900
Facsimile: (210) 366-0981

By: _____
Jonathan Yeder, of Counsel
State Bar No. 22151400
jonathany@heinrichslaw.com
A. Chris Heinrichs
State Bar No. 09382500
chrish@heinrichslaw.com

FILED

SEP 25 2015

GERARD RICKHOFF
CLERK PROBATE COURT NO.
BEXAR COUNTY, TEXAS
BY: _____ DEPUTY

G:\CLIENTS\Saks Children Trust-LIT-4446\Pldgs\Order to Disburse Funds from Registry of the Court in Payment of Judgment - 08 03 15.doc

2

V02165P6519

5

# TAB 4

TRANSCRIPT OF HEARING
9-25-15

R E P O R T E R ' S   R E C O R D

VOLUME 1 OF 1

TRIAL COURT CAUSE NO. 2011-PC-4146

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
11/23/2015 10:27:03 AM
KEITH E. HOTTLE
Clerk

LAUREN SAKS, a/k/a GLORIA          )          IN THE PROBATE COURT
LAUREN NICOLE SAKS                 )
                                   )
VS.                                )          NUMBER 1
                                   )
DIANE M. FLORES AND SANDRA         )
GARZA DAVIS, a/k/a SANDRA C. SAKS  )          BEXAR COUNTY, TEXAS

_____

MOTION TO STRIKE PLEA IN INTERVENTION;
MOTION TO DISBURSE FUNDS
SEPTEMBER 25, 2015

_____

On the 25th day of September, 2015, the following proceedings came on to be heard in the above-entitled and numbered cause before the HONORABLE KELLY M. CROSS, Judge Presiding, held in San Antonio, Bexar County, Texas:

Proceedings reported by Machine Shorthand.

CHERYL D. HESTER, C.S.R. - PROBATE COURT NO. 1
BEXAR COUNTY COURTHOUSE
SAN ANTONIO, TEXAS 78205    (210) 335-2359

APPEARANCES

MR. JONATHAN YEDOR
BAR 22151400
HEINRICHS & De GENNARO, PC
100 NE Loop 410, Suite 1075
San Antonio, Texas 78216
(210) 366-0900; Fax (210) 366-0981,
    Attorney for Heinrichs & DeGennaro, PC;

MR. ROYAL B. LEA, III
BAR 12069680
BINGHAM & LEA, PC
319 Maverick Street
San Antonio, Texas 78212
(210) 224-1819; Fax (210) 224-0414,
    Attorney for Marcus Rogers, Interim Trustee;

MR. MARCUS P. ROGERS
BAR 17179700
LAW OFFICE OF MARCUS P. ROGERS
2135 E. Hildebrand
San Antonio, Texas 78209
(210) 736-2222; Fax (210) 881-0200,
    Interim Trustee of the Saks Children Family
    Trust;

MR. PHILIP M. ROSS
BAR 17304280
1006 Holbrook Road
San Antonio, Texas 78218
(210) 326-2100,
    Attorney for Margaret Landen Saks;

MS. SANDRA SAKS

CHERYL D. HESTER, C.S.R. - PROBATE COURT NO. 1
BEXAR COUNTY COURTHOUSE
SAN ANTONIO, TEXAS 78205   (210) 335-2359

CHRONOLOGICAL INDEX OF PROCEEDINGS

September 25, 2015                                    Page

Appearances - - - - - - - - - - - - - - - - - - - - - - -    1


Motion to Strike Plea in Intervention:
     Argument by Mr. Yedor  - - - - - - - - - - - - - -     2
     Argument by Mr. Ross - - - - - - - - - - - - - - -    12
     Argument by Mr. Yedor  - - - - - - - - - - - - - -    25
     Argument by Mr. Ross - - - - - - - - - - - - - - -    29

Ruling  - - - - - - - - - - - - - - - - - - - - - - - -    30


Motion to Order Disbursement of Funds:
     Argument by Mr. Yedor  - - - - - - - - - - - - - -    31

Ruling  - - - - - - - - - - - - - - - - - - - - - - - -    34


Proceedings Adjourned - - - - - - - - - - - - - - - - -    36

EXHIBIT INDEX

* * * NONE MARKED, OFFERED, OR ADMITTED * * *

ALPHABETICAL INDEX OF WITNESSES

* * * NO TESTIMONY PROFFERED * * *

SEPTEMBER 25, 2015

THE COURT: This Court is calling 2011-PC-3466. We have a Motion to Strike Intervention, I'm imagining an intervention, and a Motion to Distribute Funds.

Please make appearances for the record.

MR. YEDOR: Jonathan Yedor, for Heinrichs and DeGennaro, PC, Movants in the Motion to Strike Intervention, Movants in the Motion to Disburse Funds from the Registry of the Court.

MR. ROSS: Morning, Judge. Philip Ross, representing Lauren Saks -- or Landen Saks, who's the Intervenor and also the Respondent on the Motion to Withdraw Funds.

THE COURT: So since you have a motion for intervention, I believe you go first.

MR. YEDOR: Your Honor, may I be heard, please? Actually the intervention is on file unless you strike it under Rule 260. So it is actually our Motion to Strike the Intervention.

THE COURT: Okay.

MR. ROSS: I would concur with that, Your Honor. It's a Plea in Intervention, and I believe it's effective unless it's striken.

THE COURT: Okay.

MR. YEDOR: Your Honor, before I begin, may I

approach the Court?

THE COURT: Yes.

MR. YEDOR: I've had -- I've taken the liberty of putting together a notebook that contains the Plea in Intervention, our Motion to Strike, the fiat setting the matter for hearing this morning, then the authorities related to the matters we're here on before the Court.

THE COURT: Okay.

MR. YEDOR: Judge, our burden under Rule 60 to strike the intervention is threefold. We have to show that the intervenor has no justiciable interest in the subject matter, or that the intervention would likely complicate the case, or that the intervention was filed too late. All three of those conditions exist.

Landen cannot establish a justiciable interest as a precondition to intervention because she cannot show an ability to defeat all or part of the recovery which we seek. The intervention relates to the Motion to Disburse Funds from the Registry of the Court. It relates to a final, nonappealable motion. It -- excuse me, Judge. It is a post-judgment proceeding. The issues relating to or arising out of and resolving the firm's right to recover attorney's fees have been resolved.

They've been resolved in -- first of all, resolved in a mediated settlement agreement. They were

resolved in an arbitration relating to the mediated settlement agreement. They were -- they relate to a final judgment confirming the arbitration award and an appeal confirming the judgment. Landen Saks and Marcus Rogers, interim trustee of the trust, were all parties to the arbitration, to confirming the arbitration award which resulted in the final judgment, and the appeal. Any complaint that any of these parties, Landen or the trustee may have had as to the award of fees has been lost, because it was never asserted. It was never made. It was -- it is now barred by the doctrine of res judicata.

What we are doing in intervening, what Ms. Saks, Landen Saks is doing in intervening is making an impermissible collateral attack on valid, binding final judgment. And what she is attempting to do, and this goes back to the very basis of the arbitration award, she is attacking the arbitration award, which now, obviously, comes too late. Because she was a party to all the proceedings and because the trustee was a party to all of the proceedings, neither she nor the trustee can attack that award because of the application of these doctrines, and therefore she does not have a justiciable interest. In short, she has no standing. She cannot assert a legal basis for circumventing or avoiding the judgment in Heinrichs and DeGennaro's favor.

We believe the intervention will unduly complicate the case, is an alternative ground for striking the

intervention. It will interject parties that don't belong, theories that don't apply, arguments that shouldn't be made, all at a time when we're dealing with post-judgment relief and not what they are attempting to do, and that is collaterally attack the final judgment. So I think the second element, unduly complicate the case, is met.

The third ground for striking the intervention would be the filing of the final judgment makes it too late to intervene. The authorities are there in our notebook, they're in our motion. But essentially it is this: If there is a final judgment, filing an intervention after final judgment comes too late. There are two exceptions. They don't apply to the circumstances of this case.

Therefore, because Landen cannot show a justiciable interest, because she would unduly complicate the motion, this isn't even a case, it's just a post-trial motion to recover part of a judgment, and because she has filed her intervention too late, we believe the Court should strike the intervention.

But Mr. Ross didn't stop. In his Plea in Intervention, in attempting to simply assert the reasons why his client has a right to intervene, he's made six separate arguments which we think it necessary to address to support our request that the Court strike the intervention.

He argues that the trust cannot be sued.

That's why his client also has a basis for relief. Well, he's technically correct, but he is totally misreading or ignoring the circumstances of this case. A trust cannot be sued, you really have to sue the trustee. But in the context in which he is making the argument, he's making the argument in the underlying lawsuit that resulted in the mediation that resulted in the arbitration that resulted in the final judgment we're now trying to enforce.

In the underlying lawsuit, the trust wasn't sued. The trustee, Diana Flores, was sued. The settlor, Sandra Garza, was sued. In the mediated settlement, the trustee, Marcus Rogers was a party to the mediated settlement agreement. Landen was a party to the mediated settlement agreement. It was not relevant and it's misleading and it's a red herring to argue that the trust wasn't a party to the original suit for two reasons. First of all, the trustee was a party to the original suit. And secondly, what the arbitration did was confirm and enforce the mediated settlement agreement to which the trustee was a party. So his argument that the trust wasn't a party to the original proceeding bears no weight and should be disregarded.

His second argument was that the trust was not a party to the case. The same argument applies. The first time he says the trust can't be sued, the second argument he makes is that the trust was not a party to the case. I've

already given my arguments why that is a bad argument.

The third argument he makes is the trustee was not a party to the case. Well, the trustee was a party to the case as originally sued. Diana Flores. But that's not really relevant, because what is before the Court is a final judgment confirming an arbitration award that dealt with a mediated settlement agreement to which the trustee was a party. So again, he's picking at these little bitty acts that are totally irrelevant in an attempt to create standing which doesn't exist.

Argument number four is the judgment is not against the trustee. This is probably a fair argument, but it's an incomplete argument for this reason: Although the order, the arbitration award orders the trust to pay fees, and although the judgment confirming the award orders the trust to pay fees, because Marcus was a part of the mediated settlement agreement as interim trustee, because he participated in the arbitration, and because he participated in confirming the arbitration award as a final judgment, and because he participated in Landen's appeal of that final judgment, he was in effect a participant in every step of the proceeding. And under the misnomer doctrine, our judgment against the trust is good because Marcus is truly a party in interest and he was a participant. And our authorities are cited in our motion. So this argument that we didn't get a judgment against the

trustee is true, but it's not relevant based upon Marcus's participation and how misnomer works.

Argument number five is the other beneficiaries of the trust are not parties. This is is the argument that I really struggled with most because I don't understand it. I think I'm going to guess at what he's saying. At some point in time Sandra Saks, the settlor, adopted children. They became beneficiaries under the trust. The problem with his argument is this: It has no bearing upon what we're doing here today. We, first of all, don't have any evidence before the Court that this -- that there were beneficiaries added to the trust. All we have is an allegation in a pleading. And it's not clear, because I'm having to guess that that's what he's saying.

Secondly, it makes no difference whether they were made beneficiaries of the trust, because the award, arbitration award and the final judgment, preceded the adding of those beneficiaries. All of the lawsuit was filed, the mediated settlement agreement was entered into, the arbitration was conducted all before any beneficiaries were added. So the after-the-fact addition of beneficiaries can't affect the finality of the award upon which the judgment was based.

Argument number six is where we're probably going to spend most of your morning this morning, and that is

that this is a spendthrift trust, and therefore the parties could not agree to pay Landen's debts out of the spendthrift trust, or any beneficiary's debt out of spendthrift trust, because that couldn't be done. This is all premised on a legal foundation that doesn't exist. This spendthrift trust argument is not a good argument, because it comes too late. Two reasons. Number one, it comes too late. If Landen was going to object to the mediated settlement agreement as containing the provision awarding fees and expenses to Heinrichs and DeGennaro, she was required to do so in the mediated settlement agreement -- excuse me, in the arbitration enforcing the mediated settlement agreement. This, she failed to do.

At that point, when the arbitration award was made, any complaint she had about a spendthrift trust came too late. Because now it's the arbitrator making the award of fees and expenses. And even though he may have been making an award based on a provision in an agreement that could otherwise be attacked as being unenforceable, by virtue of him making that award, it became unassailable. That is the law of arbitration. Landen had her chance in the arbitration to complain about the condition of the mediated settlement agreement. She didn't do so. The arbitrator made the award, and it became final and unassailable.

Same when the judgment of this Court confirmed

the award and made it the judgment of this Court. It was too late for Landen to complain. But she didn't. That judgment is res judicata to the legal argument she's trying to make now.

Finally, in arguing that the spendthrift trust provision prevents Heinrichs and DeGennaro from collecting its judgment, what Landen is doing is she is attacking a judgment in a post-judgment collection proceeding. If this is not a direct attack on the judgment, it is a collateral attack. And under the authorities cited in our Motion to Strike, she cannot conduct an impermissible collateral attack on the judgment.

But there's another reason why the attorney's fee award stands. If you will read the arbitration award, the arbitrator found, in addition to what the settlement agreement provided and what was reasonable and necessary fees, he found that the fees generated by Heinrichs and DeGennaro greatly benefitted the trust. The findings provide that without the efforts of Heinrichs and DeGennaro, the trust -- let me stop and say this again. Because of the efforts of the law firm in representing Lauren's interest, the firm was able to collect for the trust two -- approximately $2.5 million worth of property. The arbitrator found that because of this significant benefit conferred upon the trust, the fees that the firm incurred in recovering these assets for the trust

should be paid out of the trust.

The Property Code provides in Section 114.064 that the Court has discretion to award fees in disputes relating to trusts that are fair and just. This arbitration finding by the arbitrator regarding the efforts of the firm, its accomplishments and benefits to the trust, fits right in with the authority to grant these under Section 114.064. So there's an alternative basis. Not only was it a settlement agreement, a negotiated term of the settlement agreement, it exists independently by statute. For all of these reasons, the spendthrift trust argument is another red herring that needs to be ignored.

Finally, Landen argues that she can step into the shoes of the trustee because of the trustee's failure to act in challenging fees that were awarded in the proceeding. And that is the basis of her intervention. She has to create a reason for standing. There must be something other than a desire to jump into the middle of the lawsuit. So disregarding that she hasn't met the three elements that would disqualify her from intervening, she is arguing before you that she wants to do what the trustee hasn't done.

But to make that argument, she is subject to where we stand in the proceedings right now. Where we stand right now is if she were to step into the shoes of the trustee, the same defenses we have against her as a

participant would apply to the trustee as a participant. Res judicata. Collateral estoppel. Finality of the arbitrator's award. All of these would apply if she were to become the trustee. So what bars her, bars the trustee. And therefore her basis for intervening in and stepping into the shoes of the trustee to do something that hasn't been done don't apply. And if they did apply, she would be barred from seeking the relief she's seeking, which is to prevent the firm from collecting its fees.

My final point in attacking the motion to intervention, or Plea in Intervention, excuse me. Plea in Intervention, is this: To the extent it has been based on affidavits, the affidavits in support of the Plea are defective. Landen's affidavit is just mere conclusion. It states no facts to show what knowledge she has. She just concludes. So we are objecting and asking the Court to sustain our special exceptions to her -- Landen's affidavit.

Sandra's affidavit is both defective becasuse it's conclusory and because it doesn't belong. Sandra has no standing. She is not a party to this proceeding. She is not intervening. Her affidavit attempting to add credibility to the Plea in Intervention is irrelevant, and we think it should be striken.

Thank you.

MR. ROSS: Want me to stand or sit?

THE COURT: Go ahead and stand.

MR. ROSS: Judge, this is not an ordinary type of situation that comes up often in litigation, where a purported judgment debtor attempts to collect a judgment from a trust based on a void judgment. But that is what we have here. And I found one case where something similar occurred, and the Court of Appeals said an award of judgment against a trust cannot be collected.

THE COURT: Why it is void?

MR. ROSS: It's void because it's a judgment against a trust rather than a trustee. And the trust itself is not a person. It's just an -- it's a -- let me read it from the case I cited.

It's a relationship -- this is a quote from the Texas Supreme Court in Huie, H-U-I-E, versus Deshazo, D-E-S-H-A-Z-O. Quote, The term "trust" refers not to a separate legal entity but rather to the fiduciary relationship governing the trustee with respect to trust property. And that's Cause Number (sic) 922 S.W.2d 920 at page 926, a 1996 case, holding that treating a trust rather than the trustee as the attorney's client would be inconsistent with the law of trusts.

Then citing Malooly Trust versus Juhl, It's M-A-L-O-O-L-Y, Trust versus J-U-H-L, 186 S.W.3d 568, State of Texas Supreme Court case, 2006, states that the -- a claim

against a trust as a judgment debtor is -- is invalid. It states that the general rule in Texas and elsewhere has long been that suits against a trust must be brought against its legal representative, the trustee.

Now, I filed a copy of the trust this morning, because I was checking the record and I didn't see where there was a real legible copy. It's been filed in the appendix of the appeal in this case, but I filed a supplement this morning with a copy of the trust that I would like the Court to take judicial notice of.

MR. YEDOR: And we would object based on relevancy grounds, Your Honor. This proceeding has nothing to do with the enforceability of the provisions of the trust. I think if the purpose in offering the document is to establish it's a spendthrift trust, there's no really argument on that. But again, this trust has nothing to do with the proceedings because of the finality of the judgment that's before the Court today.

THE COURT: But you would stipulate that it's a spendthrift trust.

MR. YEDOR: It has a spendthrift clause. We will stipulate to that, Your Honor.

MR. ROSS: I'd like to tender the trust to the Judge. And it's on page 10, paragraph 4.7 has the spendthrift provision for you to verify.

May I approach?

THE COURT: Yes.

MR. ROSS: I've given a copy to opposing counsel.

THE COURT: Page 10?

MR. ROSS: Page 10. Paragraph 4.7.

MR. YEDOR: Judge, we would also object on the basis that he's asking you to take judicial notice of something that I don't think you can take judicial notice of. It is a document that's not common knowledge in the public arena. It's not a court-filed document in this proceeding. It's not a document that has been proved up by other sources to show accuracy or trustworthiness. But most importantly, it's not the proper subject of judicial notice. So we would obejct on that basis, as well.

THE COURT: You only get one attorney at a table.

Mr. Ross, what do you have to say?

MR. ROSS: Your Honor, the trust is purportedly the judgment debtor. And we would offer this trust document into evidence to show the identity of the trust itself. Which is basically the relationship between the trustee and the property that's in the trust.

I have the judgment settlor with me, who can verify that this is the trust that she established in 1991. I

also have Marcus Rogers, who is the interim trustee, who can verify that this is the trust document that he is relying on as a basis for his authority to deal with the trust property.

THE COURT: I'm going to defer my ruling until the end of your argument, Mr. Ross. Please continue.

MR. ROSS: Okay.

Mr. Yedor states that Landen Saks has no interest in this matter. Landen Saks was not a party to the original suit by her sister Lauren against her mother and her aunt. Her aunt was Diana Flores, the trustee. That lawsuit was settled. Landen Saks did not participate in the settlement, although Mr. Heinrichs signed on the signature block for Landen Saks as beneficiary purporting to approve of the settlement. We submit that that did not make Landen Saks a party to either the underlying lawsuit or the settlement, in which she had no interest and did not participate.

Somehow Landen Saks became a party to the arbitration, but that was not by her doing. And it was not by her being joined as a party to the underlying lawsuit. It was apparently based on the assertion that she was a party to the settlement agreement. This was an enforcement action by her sister Lauren against her aunt and her mother, but not against Landen. And somehow the arbitrator decided that Landen Saks had property interest, or may have property interest which he determined belongs to the trust. So he ordered her to convey

any interest in property that had been transferred to her by the trustee via the trustee Diana Garza -- I mean Flores, when the trust was terminated prior to the mediated settlement agreement.

The Court decided that the trust was not terminated, but I don't believe there was an order to that effect.

MR. YEDOR: Objection, Your Honor. We're going way, way outside the record. He's arguing facts that are both speculative, and actually not true, but not part of the record.

MR. YEDOR: I'm just attempting to give the Court an alternative view of the background in the case.

MR. YEDOR: Well, we are objecting to any attempt to give the Court an alternative view, because it's not based on any pleadings and it's not supported by evidence. It's merely Mr. Ross giving his opinion and his view on what he thinks the pleadings say. We object.

THE COURT: I'm giving to give him a little bit more latitude.

Go ahead, Mr. Ross.

MR. ROSS: Okay, Judge.

After the arbitration award was signed, and Landen -- neither Landen nor Sandy Saks participated in the arbitration proceeding. So the findings were made without

their participation. The order was made without their involvement. And it was approved by the Court in a final judgment which was appealed. The appeal came back, the judgment stood. But the reason for the intervention arose when Heinrichs and DeGennaro attempted to collect debt by filing a Motion to Disburse the Funds in the trust or the registry of the court to pay their judgment against the trust. And when that occurred, that's when the need for Landen to intervene arose. Because prior to that she was not a party to the case. She was ordered to do certain things by the judgment that approved the arbitration award, but she was not -- she claims she was not a party to the mediated settlement agreement.

But -- and that is why she's intervening into the case at this point.

THE COURT: Wasn't that -- wasn't that already taken care of, though? You brought that argument up prior to, and then wasn't that discussed in the arbitrator's award and then again in the appeal that came down against your client?

MR. ROSS: The claim that she was not a party was discussed, and it was not accepted. But she still --

THE COURT: I'm sorry, was not accepted by who? Your client, or by the appellate court?

MR. ROSS: By the appellate court.

THE COURT: So they agreed that she was a

party.

MR. ROSS: Yes. And so --

THE COURT: And in that agreeing that she was a party, are you disagreeing that the arbitration does not render the findings of facts and the conclusions of law that it did?

MR. ROSS: No. I'm stipulating that it made findings of fact and entered orders that were approved by the Court and not reversed on appeal. And if Landen is a party, then she doesn't need to intervene. But --

THE COURT: But that was already discussed, and it was already confirmed it sounds like a multitude of times. So why now? Why is this different now?

MR. ROSS: Well, I am still of the legal opinion that she needs to file a Plea in Intervention in order to intervene into the judgment collection actions of Heinrichs and DeGennaro. If I'm wrong, then she is a party and she doesn't need to intervene and she can assume the responsibility and the position of trustee, who has expressed a willingness to pay a judgment which Landen, as a beneficiary, asserts an interest against Heinrichs and DeGennaro collecting a judgment against the trust. Which according to the Malooly case, is a void judgment. And the significance of the void judgment only arose at the time that Heinrichs and DeGennaro attempted to collect it. As a void

judgment, it has no significance if it is not acted on.

THE COURT: Why didn't your client step up earlier at any point in time and refuse the fees or bring this argument up?

MR. ROSS: There was no need for her to do that. She can raise the argument that a judgment is void at the time that it is attempted to be used as a valid judgment. She doesn't need to object to a void judgment prior to that. And that's why we didn't file our response to the Motion to Disburse the Funds until it was filed. There wasn't any active controversy about collection of the judgment until the collection was attempted. And that's when Landen appropriately raised her objections. The trustee declined to oppose the collection of a void judgment, and so Landen has no choice as a person that's interested in the trust, both the principal and the -- and the income of the trust, as a beneficiary.

THE COURT: So are you trying to sever out this part of the judgment? The fees and expenses of the firm, versus the remaining amount of the arbitrator's award, all the other pieces and parts, should we say?

MR. ROSS: No, Your Honor. We are just opposing the collection of a void judgment against the trust. And we're asserting the argument that because the judgment is -- it names the trust as the debtor. And that can't be by

definition. The trustee, as the trustee of the Saks Children Family Trust, could be a debtor if Mr. Rogers was a party to the mediated settlement agreement. Mr. Yedor claimed that -- or he stated that Mr. Rogers was a party to the settlement agreement, but he did not sign the settlement agreement except approving it as to form. He did not approve the substance of the settlement agreement. And therefore he was not a party to the settlement agreement.

And he was not sued by -- by Mr. Yedor's firm to collect their attorney fees. Which essentially are a debt of their client, Lauren Saks. Lauren Saks apparently contracted with Heinrichs and DeGennaro. At the settlement agreement, all the parties agreed that Heinrichs and DeGennaro and Marcus Rogers could be paid from the trust. And nobody bothered to consider the fact that this is a spendthrift trust, and its property -- its interest in property cannot be voluntarily or involuntarily offered or allowed to recover a debt of the beneficiaries.

THE COURT: Speak to the issue of the common fund doctrine, then.

MR. ROSS: The property that's in the trust is owned by the trustee for the benefit of all the beneficiaries. And those include Lauren Saks, Landen Saks, Mariah McFaddin, and Miles McFaddin. And those are the children, or adopted children of Sandra Saks. And according to the trust, that --

they are all beneficiaries. Mariah and Miles only became beneficiaries after the mediated settlement agreement was approved. And after it was enforced by the judgment approving the arbitration award.

The trust acquired interest in property that it did not -- in our view did not have a claim against. And those were properties that were owned nominally in the trust, but pursuant to an agreement the beneficial interest and the equitable title to those properties remained in Sandra Saks on the basis of her terms for contributing part of that property interest to the trust. In the mediated settlement agreement Sandra Saks agreed to convey all of her interest in these various properties that she had to the trust. When the trust acquired those interests in the property by judicial fiat, pursuant to the judgment approving the arbitration award, the trust acquired a substantial interest. I don't know the value, but Mr. Yedor states it was about $2 million worth of property. And Landen Saks was a beneficiary of that acquisition by the trust for her benefit. However, that doctrine doesn't apply, because the judgment that Heinrichs and DeGennaro is claiming as the basis for their collection action is against the trust. And our position is based on the Malooly case that it's a void judgment.

THE COURT: You said that. But you haven't spoken to the common fund doctrine yet. Go there.

MR. ROSS: Well, I'm not sure what the Court is expecting me to argue in that regard. Landen Saks does not owe Heinrichs and DeGennaro any -- any fees as a result of any efforts that they provided that may have benefitted the trust. We submit that she may have benefitted from their services, arquably, but she doesn't -- doesn't owe them.

Lauren Saks, on the other hand, had a contract with Heinrichs and DeGennaro, and she is the only person that is liable for payment of their fees. Because they don't have a valid judgment against the trustee. And the funds that are in the trust are commonly for the benefit of only four beneficiaries, but they're not subject to collection on the the basis of this judgment that Heinrichs and DeGennaro has.

THE COURT: Anything else?

MR. ROSS: Yes.

Now, Mr. Yedor stated that his judgment is not appealable. We're not questioning the appealability of that judgment, we're -- what we're arguing is that because that judgment is void, the trustee can reject any collection efforts pursuant to that judgment from the trust. The trustee should be objecting to paying the claim on the basis that it's a void judgment. Because he's not doing that, anybody else that has a beneficial interest in the trust can step forward and assume the role, not as based on their own standing as beneficiary, but based on the standing of the trustee to

enforce the terms of the trust.

And the second issue, that the trust is a spendthrift trust, and its -- the property interest that it has cannot be used to pay for the debts of the beneficiaries, can't be used to pay Lauren's attorney's fees, it can't be used to pay Landen's attorney's fees, and it can't be pledged. Which I would submit that the agreement, the mediated settlement was a pledge of the fee -- of -- of property that was owned by the trust which was not subject to being pledged to pay Lauren's or Landen's attorney's fees to Heinrichs and DeGennaro or to pay the trustee.

The -- the trust has not been amended. And because it's a irrevocable spendthrift trust, it has certain terms that preclude amendment. And the original intention of the settlor is what is binding. There's been no attempt to amend the trust to overcome the spendthrift provisions or to make any kind of an exception available which would authorize the trustee to pay Mr. Heinrichs' attorney's fees claim on the basis of the judgment that he's asserting.

Mr. Yedor argued that the settlement agreement and the arbitration award are unassailable. We're not attempting to challenge the arbitration award or the judgment confirming it. And we're not attacking the appeal. We're just saying that the judgment that names the trust as a debtor is a void judgment.

And the arbitrator's finding that Heinrichs and DeGennaro provided a benefit to the trust isn't relevant to the Court's consideration of their claim against the trust. Because their claim against the trust would have to be a claim against the trustee to disburse funds from the trust. And I don't know how they would get there from here, because they obtained a judgment that they can't use for their collection activity without being subject to reversal on appeal and probably remittitur if they do attempt to collect from the trust without legal authority.

The argument that the spendthrift provision of the trust is a red herring I think is both false and misleading, because essentially what we have is a claim against the trust directly, which is a void claim. And even if it was a valid claim, even if it was a claim against the trustee to disburse funds in the trust that were agreed to at the settlement agreement and approved at the arbitration and confirmed in the judgment, the trust is not subject to being liable for any of the beneficiaries' debts. And the beneficiaries don't have authority under the terms of the trust to say the trust will pay for our expenses. So I think it is a very valid argument that Marcus Rogers is not following the terms of the trust by not objecting to Mr. Heinrichs' claim. Because even it was a valid claim against the trustee, the spendthrift trust provision would preclude

payment.

With regard to the affidavits, I submit that the affidavits verify the allegations and the statements of fact in the Plea in Intervention, and that they were adequate for the purpose. Therefore, I would request the Court to allow the Plea. And alternatively, if the Court decides that Landen is already a party, to allow her to respond and object to the collection of a void judgment against the trust.

MR. YEDOR: May I rebut?

THE COURT: Please.

MR. YEDOR: First of all, Your Honor, at no time in any of these proceedings prior to the making of the award of final judgment of this Court did anybody attack the claims against the trust. If somebody had objected that the suit was against the trust as opposed to the trustee, a simple plea and amendment could have taken care of that. Landen being one of those who never objected.

Secondly, the real argument, if you boil down what Mr. Ross just argued down to one sentence, it is this: This is a void judgment because it obligates the trust, not the trustee, to pay the fees.

Along those lines, I'm going to read, if I may, from a couple of authorities that I think dispel that notion entirely. It goes back to my misnomer theory.

In the Supreme Court case of Greater Houston

Orthopaedic Specialists, Inc., cited at 295 S.W.3d 323, the Supreme Court makes these pronouncements: A misnomer occurs when a party misnames itself or another party.

In this case we named the trust; we should have named the trustee.

But the correct parties are involved.

In this case, Marcus Rogers, the interim trustee, was involved every step of the way.

It cites the case of Chilkewitz versus Hyson, 22 S.W.3d 825, another Supreme Court case, noting that misnomer arises when a plaintiff sues the correct entity but misnames it.

The Supreme Court also cites Chen, which I'm going to go to, for this proposition: A misnomer does not invalidate a judgment as between parties where the record and judgment point out, with certainty, the persons and subject matter to be bound.

We have all of that before us.

The Supreme Court also says that -- cites Charles Brown, L.L.P. versus Lanier Worldwide, holding that a misnomer does not render a judgment void, provided the intention to sue the correct defendant is evident from the pleadings and process, such that the defendant could not have been misled. When a corporation intended to be sued is sued and served by a wrong corporate name and suffers judgment to

be obtained, it is bound by such judgment.

In Chen versus Breckenridge Estates Homeowners Assocation, located at 227 S.W.3d 419, the Court says a misnomer does not invalidate a judgment as between parties where the record and judgment together point out with certainty, the persons and the subject matter to be bound.

Judge, attached to the judgment of this Court is the aribtrator's findings and award. The findings are detailed. They make it very clear that the person to be bound was the trustee. They make it very clear that he was a party to the arbitration, to the mediated settlement agreement, and a party to the judgment. Those findings and award become the findings and award of this Court. There can be no confusion. The doctrine of misnomer applies. Mr. Ross's argument that this is a void judgment simply is wrong.

When Mr. Ross argues to the Court that Marcus Rogers, interim trustee, was not party to the MSA because he only signed it as to form, that is wrong. It contradicts the very finding of the arbitrator, which became your finding as incorporated in the final judgment. He makes these statements disregarding the accuracy of them or where they can be easily rebutted and disputed and should be disregarded. Marcus Rogers was a party to the proceedings, and is so today.

Regarding Mr. Ross's argument that Landen was a party to all of the proceedings, that allows her to come in

and object to the matter really before the Court today, which is a Motion to Disburse Funds, is simply wrong. She is bound by it. If she stands up in court in opposition to the Motion to Disburse Funds based on this judgment, she is making a collateral attack on the judgment. She is seeking to avoid the terms of the judgment after its entry. A judgment that is res judicata to any attempt to do so. And it ignores how the award became final based on what the arbitrator did and found, regardless of whether it was properly premised or not.

You never got a good answer on the common fund doctrine. But under the very findings of the arbitrator, which became your findings, the benefit to the trust based on the efforts of the law firm were clear and a basis for awarding the fees and -- were a basis for awarding fees and are supportable legally under Section 114.064.

Thank you, ma'am.

MR. ROSS: May I approach, Your Honor? I'd like to show you a copy of the mediated settlement agreement which proves that what I told you is correct, that Marcus Rogers was not a party and he signed only as to form.

MR. YEDOR: I would object. He's offering something in direct controvention to the very finding of the arbitrator, which is the very finding of this Court.

THE COURT: Mr. Ross, the Court has the file. I've seen the mediated agreement, and I have the arbitrator's

award in front of me.

MR. ROSS: Mr. Yedor stated that I misstated the facts. The mediated settlement agreement expressly identifies the parties as being Lauren Saks, Sandra Saks, and Diana Flores. And the parties that signed the settlement agreement were A. Chris Heinrichs, who signed for Lauren Saks; A. Chris Heinrichs, attorney, who signed for Landen Saks; Sandra Saks; and Diana Flores. Then approved as to form by Marcus Rogers, Chris Heinrichs, Ron Shaw, and Adam Cortez. Not that that is relevant to the judgment, but to correct the record that -- so the Court can see that the document contradicts what Mr. Yedor stated about who were the parties and what Mr. Rogers' involvement was. If he just signed as to form and didn't claim to be a party at that time, it seems to me that after the fact for him to claim to be a party would invalidate certain terms of the arbitration award. Because you can't arbitrate something and make people parties after the fact if you've just settled a controversy over an contract.

But even though I don't agree with the results, the arbitration award, the judgment, and the Court of Appeals, that is not relevant to the Court's consideration of our Plea in Intervention or the Motion to Disburse the Funds. Because that -- that whole process resulted in what we claim, with authority, is a void judgment. And we had no duty to tell

Heinrichs and DeGennaro that they were obtaining an invalid and unenforceable judgment until they start to collect on it. And that's when we submit that Marcur Rogers should have objected on the same basis that Landen is objecting. And she's requesting the Court to -- or she's intervening so that she can use his standing to do his job for him in order to protect her interest and the interest of the other beneficiaries.

Mr. Yedor didn't respond to the alternative argument, which is the spendthrift provisions in the trust, that even if the law firm had a valid judgment against the trustee to collect their fees which were incurred for the benefit of the beneficiaries, the trust would prevent them, by its spendthrift provisions, from collecting the fees. And they would be left with the alternative to collect the fees from the parties they contracted with. So they do have an -- and I believe the four-year statute of limititations on that contract has not expired, so they have an alternative remedy. Which is the only appropriate remedy, in our opinion.

THE COURT: The Court is going to grant the Motion to Strike. We will now go on to the next part of this hearing this morning. Do you have an order, Mr. Yedor?

MR. YEDOR: Yes, ma'am, I do. Thank you, Your Honor.

THE COURT: Okay. The Court has signed the

order, and we are going to take a five-minute break so you can kind of re-group mentally, and we'll go on to part two.

Mr. Ross, want to give him a copy of that, please, sir?  And we'll take a little break.  See you back -- let's say 10:00 o'clock.

MR. YEDOR:  All right, Judge.

(Recess)

THE COURT:  We are back on the record.  Please proceed with the hearing.

MR. YEDOR:  All right.

Your Honor, before the Court is the Judgment Creditor's Amended Motion to Order Disbursement of Funds from the Registry of the Court in Payment of Judgment.

A couple of things right off the bat before I begin presenting our position.  May I approach the Court?  I have put together a notebook that is pertinant to this hearing that I'll be referring to in the course of my presentation.

Thank you, Your Honor.

THE COURT:  Thank you.

MR. ROSS:  May I see a copy of that, as well?

MR. YEDOR:  Well, just a second.  It has not been filed.

Your Honor, the second thing I want to bring up is I would like to object to Mr. Ross participating in this hearing.  He certainly has the right to be here be present and

watch what's going on, but as far as he participating, objecting, putting on evidence, cross-examining witnesses, his client has no standing.

THE COURT: Please state for the record who his client is.

MR. YEDOR: Sandra Saks, Landen Saks. His clients have no standing. And we object to any participation.

In the notebook, and I'll be happy to give him a copy if the Court wishes, I will refer the Court -- here, let's exchange.

MS. SANDRA SAKS: Why don't you give her that one?

MR. YEDOR: No, I'll give her that one.

MS. SANDRA SAKS: Well, we want to make sure it's the same. How do we know it's the same document?

MR. YEDOR: I just told you it was.

THE COURT: It's demonstrative at best. I'm going by pleadings and arguments of counsel.

Please proceed.

MR. YEDOR: If you will look at Tab 18, we've prepared a Brief in Support of Objection stating the reasons why neither Sandra nor Landen has standing.

They are parties to a final judgment. We are attempting to collect on a final judgment. As the Court has just determined in the petition -- or excuse me, the Motion to

Strike the Plea in Intervention, Landen has no basis for intervening in this case to attack the award of fees to Heinrichs and DeGennaro. The only parties to this proceeding are the interim trustee, the law firm seeking relief. That's what this is all about. And their participation will unduly delay the proceedings, interject additional tension and disharmony that is unnecessary under a basis where they have no right to do so. So up front, we would object to Mr. Ross representing his clients in this proceeding in any fashion other than as an observer. The whole purpose of striking the intervention was to eliminate any standing that they may argue they have a right to participate in the proceedings. Their whole purpose in filing the intervention was to create standing so they could participate and object to the proceedings.

MR. ROSS: In response, Your Honor, I would tend to agree with Mr. Yedor's argument that in order for Landen to assert the duties and responsibility and authority of the trustee in the absence of him objecting to the payment of fees which are in our opinion based on a void judgment, she would have to intervene. Even though she may be considered a party to the final judgment, she can't act on behalf of the trustee without the Court granting her intervention. The Court has denied the intervention, so I would tend to agree that the appellate issues are going to be premised on the

validity or the denial of the intervention. Then it would go back to -- the whole thing would be sent back for reconsideration on the basis of that court rather than the order granting the Motion to Disburse the Funds. So I'll just sit quietly.

THE COURT: Thank you.

I have read the request before this Court to disburse, I have read the Arbitrator's Award and Final Judgment, I have read the opinion from the appellate court. The Court is going to grant your motion.

MR. YEDOR: Thank you.

THE COURT: Please deliver an order to the Court.

Let the record reflect that our interim trustee is in the courtroom.

Mr. Rogers, you neglected to make an appearance this morning. I do know that you are in the courtroom, and I have noted it for my file.

MR. ROGERS: Thank you, Your Honor. Could you also note that my attorney, Royal Lea, is present?

THE COURT: I have made that note. Thank you.

The Court has reveiwed the Order to Disburse the Funds from the Registry of the Court, and the Court has approved this order and has signed it.

MR. YEDOR: Judge, thank you for your

courtesies this morning. May we be excused?

THE COURT: Yes.

Mr. Rogers, you seem to have a motion on file for sanctions. Has this motion been set?

MR. LEA: May I be heard, Judge?

THE COURT: Yes.

MR. LEA: Judge, as far as I know it has not yet been set. My assistant has been in communication with the Court staff about setting it, but as far as I know there is not yet a setting. I have some travel and a trial coming up out of town, and I don't think -- my office has tried to get it set, but I don't think I know my schedule well enough yet to commit with your staff.

THE COURT: I realize that there are some underlying parts of this giant case that have not achieved a Docket Control Order.

Mr. Ross, I'm going to ask you and whoever you are bringing into the suit for the remainder of any lawsuits contained in this file, that you have a Docket Control Order set by next Friday. If you cannot set and give the Court an agreed Docket Control Order on any underlying matters, the Court will set them for you. So by 3:00 o'clock on Friday, that's when I will expect someone to tender me an agreement. If you do not have an agreement, I'm going to set it on my schedule without conferring with anyone.

And in case no one has told you, and I'm sure you know, Mr. Ross, because you've heard this speech, I will not move anything that's set by a Docket Control Order. So once you're set, you're set. So I urge you to try to cooperate with your schedules between yourself, Mr. Ross, and whoever else, or I'm going to unilaterally take care of it.

So Friday next week, by 3:00 o'clock. Plenty of time to talk. And I will be back in, and by 5:00 o'clock, if I don't have it between 3:00 and 5:00, Mr. Rossi and I will create it on my schedule.

Anything else, gentlemen and ma'am?

MR. YEDOR: No, ma'am.

THE COURT: Okay. Thank you very much this morning for your cooperation. Mr. Yedor, I'm going to return to you your demonstrative evidence of your two notebooks. Which are very heavy.

Thank you very much, and have a nice day. We are -- our record is closed.

(Proceedings adjourned)

THE STATE OF TEXAS )

COUNTY OF BEXAR     )


             I, Cheryl D. Hester, Official Court Reporter in and for Probate Court Number 1 of Bexar County, State of Texas, do hereby certify that the above and foregoing contains a true and correct transcription of all portions of evidence and other proceedings requested by counsel for the parties to be included in this volume of the Reporter's Record, in the above-styled and numbered cause, all of which occurred in open court or in chambers and were reported by me.

             I further certify that this Reporter's Record of the proceedings truly and correctly reflects the exhibits, if any, admitted by the respective parties.

             I further certify that the total cost for the preparation of this Reporter's Record is $190.00 and was paid/will be paid by Sandra Saks.


             WITNESS MY OFFICIAL HAND this the 17th day of November, 2015.


/s/ Cheryl D. Hester
CHERYL D. HESTER, C.S.R.
Official Court Reporter, Probate Court No. 1
Bexar County, Texas
100 Dolorosa
San Antonio, Texas 78205
(210) 335-2359
Texas CSR #4519; Expires 12/31/15

# TAB 5

# MEDIATED SETTLEMENT AGREEMENT

No. 2011-PC-3466

| | | |
|---|---|---|
| LAUREN SAKS a/k/a GLORIA LAUREN NICOLE SAKS, Plaintiff | ✢ ✢ ✢ | IN THE PROBATE COURT |
| V. | ✢ ✢ | NO. TWO, |
| DIANE M. FLORES AND SANDRA GARZA DAVIS f/k/a SANDRA C. SAKS, Defendants | ✢ ✢ ✢ | BEXAR COUNTY, TEXAS |

## MEDIATED SETTLEMENT AGREEMENT

The "Parties," LAUREN SAKS, a/k/a GLORIA LAUREN NICOLE SAKS, DIANE M. FLORES and SANDRA GARZA DAVIS, f/k/a SANDRA C. SAKS, hereto agree that all claims and controversies between them that are in any way related to the SAKS CHILDREN FAMILY TRUST or ATFL&L, and the trust assets in which they may have had an interest and/or the exercising of any fiduciary responsibility are all hereby settled in accordance with the following terms:

1. The Parties acknowledge that bona fide disputes and controversies exist between them, and they desire to compromise and settle all claims and causes of action of any kind whatsoever which the Parties may have arising out of the above described issues. It is further understood and agreed that this is a compromise of disputed claims, and nothing contained herein shall be construed as an admission of liability.

2. Each signatory warrants and represents that:

   a. such person has the understanding of the issues involved, the information necessary to the decision to enter into this agreement and the authority to bind the Party or Parties for whom such person acts; and that

   b. the claims, suits, rights, and/or interests which are the subject matter hereto are owned by the Party asserting same, have not been assigned, transferred or sold, and are free of any encumbrance.

EXHIBIT "B"

M-3

VO2083P0202

3.   The Parties further agree as follows:

a. 218 Treasure Way shall be listed for sale immediately. Sandra lives in the house rent-free for 90 days, paying only utilities and normal minor upkeep. $65,000 of sales proceeds payable to Sandra, the balance to the Trust.

b. Sandra and Diana shall transfer and assign to the Trust all of their right, title, and interest in and to: (a) 5321 Broadway Partners; (b) Dijon Plaza Joint Venture; (c) Sunset Partners; (d) 50% interest in 4.93 acre Nueces County property; (e) Hyatt Mountain Lodge, Beaver Creek, Condominium timeshare interest in Unit #234, week 11, located at 63 Avondale Lane, Avon, CO; (f) Hunt lot on Guadalupe River, ~~free and clear of all liens and taxes~~; (g) the Quarter House, New Orleans, Condominium Timeshare interest in Oak Ridge Park condominium No. 232, week 12, located at the Quarter House, 129 Rue Charles, New Orleans, LA; (h) Poste Montane Condominium Timeshare interest in Unit #301, weeks 28 and 29, and Unit #402, week 13, located at 76 Avondale Lane, Beaver Creek, CO; and (i) 218 Treasure Way, San Antonio, TX.



*free and clear of the $125,000 note, DF*

c. The Trust will be responsible for filing any necessary tax returns reflecting above ownership.

d. Mediated Settlement Agreement will be jointly submitted to the court for approval.

e. Sandra indemnifies Trust against federal income tax liability which accrued or might have accrued on or before December 31, 2011.

f. Sandra and Diana pay their respective legal fees.

g. The Trust pays fees and expenses of the Interim Trustee and Heinrichs & DeGennaro, P.C.

h. The parties understand and agree that this Mediated Settlement Agreement shall be irrevocable.

4. Except for the agreements set forth herein, the Parties hereby release, discharge, and forever hold the other harmless from any and all claims, counterclaims, demands, or suits, known or unknown, fixed or contingent, liquidated or unliquidated, whether or not asserted in the above case, as of this date, arising from or related to the events and transactions which are the subject matter of this cause, including, but not limited to, any and all claims for breach of fiduciary duty and/or conversion. This mutual release runs to the benefit of all attorneys, agents, employees, officers, directors, shareholders, partners, heirs, assigns, and legal representatives of the Parties hereto.

5. Counsel for the Parties shall deliver drafts of any further documents to be executed in connection with this settlement to counsel for the other Parties hereto within fifteen (15) days from the date hereof. The Parties and their counsel agree to cooperate with each other in the drafting and execution of such additional documents as are reasonably requested or required to implement the provisions and spirit of this Settlement Agreement, but notwithstanding such additional documents the Parties confirm that this is a written settlement agreement as contemplated by Section 154.071 of the Texas Civil Practice and Remedies Code.

6. This Settlement Agreement is made and performable in Bexar County, Texas, and shall be construed in accordance with the laws of the State of Texas.

7. If one or more disputes arise with regard to the interpretation and/or performance of this Agreement or any of its provisions, including the form of further documents to be executed, the Parties agree to further mediation in an attempt to resolve same with Thomas Smith, the Mediator, who facilitated this settlement. In the event a dispute arises between the Parties, it is hereby agreed that the dispute shall be referred to Thomas Smith, the Mediator herein, for arbitration in accordance with the applicable United States Arbitration and Mediation Rules of Arbitration. The arbitrator's decision shall be final and legally binding and judgment may be entered thereon. Each Party will be responsible for their share of the arbitration fees in accordance with the applicable Rules of Arbitration. In the event a Party fails to proceed with arbitration, unsuccessfully challenges the arbitrator's award, or fails to comply with the arbitrator's award, the other Party is entitled to costs of suit, including a reasonable attorney's fee for having to compel arbitration or defend or enforce the award.

8. Although the Mediator has provided a basic outline of this Settlement Agreement to the Parties' counsel as a courtesy to facilitate the final resolution of this dispute, the Parties and their counsel have thoroughly reviewed such outline and have, where necessary, modified it to conform to the requirements of their agreement. All signatories to this Settlement Agreement hereby release the Mediator from any and all responsibility arising from the drafting of this Settlement Agreement, and by signing this Settlement Agreement acknowledge that they, or their attorneys,

3

V02083P0204

have been advised by the mediator in writing that this Settlement Agreement should be independently reviewed by counsel before executing the agreement.

9.  The Parties represent and warrant that: (i) they have carefully reviewed this Settlement Agreement; (ii) they have consulted with their attorneys concerning this Settlement Agreement; (iii) any questions that they have pertaining to this Settlement Agreement have been answered and fully explained by their attorneys; (iv) their decision to execute this Settlement Agreement was not based on any statement or representation, either written or oral made by any person or entity other than those statements contained in this Settlement Agreement, and specifically was not based on any statement or representation made by any opposing Party or its counsel; (v) this Settlement Agreement constitutes the entire agreement and understanding between the Parties; (vi) they have entered into this Settlement Agreement of their own free will; and (vii) all prior and contemporaneous agreements, understandings, representations and statements, whether written or oral, are merged herein.

10. This Mediated Settlement Agreement is subject to approval by the Probate Court of Bexar County, Texas.

AGREED, this 2nd day of April, 2012.

_____
LAUREN SAKS, a/k/a Gloria Lauren Nicole Saks,
by A. Chris Heinrichs, Attorney

_____
LANDEN SAKS, by A. Chris Heinrichs as agent for Lauren Saks, a/k/a Gloria Lauren Nicole Saks, Landen Saks' attorney in fact

_____
Lauren Saks

_____
Landen Saks

_____
Sandra Garza Davis f/k/a Sandra C. Saks

_____
Diana M. Flores

4                                        V02083P0205

APPROVED AS TO FORM:

_____
MARCUS P. ROGERS
State Bar No. 17179700
2135 E. Hildebrand
San Antonio, Texas 78209
(210) 736-2222
(210) 881-0200 FAX
INTERIM TRUSTEE FOR THE SAKS CHILDREN
FAMILY TRUST or ATFL&L

_____
A. CHRIS HEINRICHS
State Bar No. 9382500
BARRETT SHIPP
State Bar No. 24060601
100 N.E. Loop 410, Suite 1075
San Antonio, Texas 78216
(210) 366-0900
(210) 366-0981 FAX
ATTORNEYS FOR LAUREN SAKS

_____
RONALD J. SHAW
State Bar No. 18152300
7300 Blanco Road, Suite 610
San Antonio, Texas 78216
(210) 227-3737
(210) 366-0805 FAX
ATTORNEY FOR DIANA G. FLORES

_____
ADAM CORTEZ
State Bar No. 4844650
~~214 Dwyer Avenue, Suite 210~~ 7744 Broadway, Suite 103
San Antonio, Texas ~~78204~~ 78209
(210) ~~270-2100~~ 828-8584
(210) ~~229-1555 FAX~~ 828-9001 FAX
ATTORNEY FOR SANDRA SAKS

5

V02083P0206   DF

# TAB 6

## NOTICE OF APPEAL

E-FILED
IN MATTERS PROBATE
Submit: 10/23/2015 4:52:01 PM
GERARD RICKHOFF
CLERK PROBATE COURTS
BEXAR COUNTY, TEXAS
BY:
Sandra Esquivel

CAUSE NO. 2011-PC-3466

| | | |
|---|---|---|
| LAUREN SAKS a/k/a GLORIA LAUREN NICOLE SAKS, Plaintiff, | § § § § | IN THE PROBATE COURT |
| V. | § § § | NO. 1 |
| DIANE M. FLORES and SANDRA GARZA DAVIS f/k/a SANDRA C. SAKS, Defendants, | § § § § § | BEXAR COUNTY, TEXAS |

NOTICE OF APPEAL

TO THE HONORABLE JUDGE PRESIDING AND TO THE JUSTICES OF THE FOURTH JUDICIAL DISTRICT COURTS OF APPEALS:

NOW COMES, MARGARET LANDEN SAKS ("Landen"), by and through undersigned counsel, and files her Notice of Appeal pursuant to TRAP Rule 25.1, and would show the Court as follows:

1. Landen desires to Appeal from the following Orders:

Order striking intervention and

Order authorizing disbursement of funds.

2. The date of the Orders appealed from is September 25, 2015.

3. Landen desires to appeal.

4. Landen desires to appeal to the Fourth Court of Appeals, San Antonio, Texas.

1

V0216723830

Accepted on: 10/26/2015 8:23:11 AM

255

Landen is the party filing this appeal.

This Notice of Appeal is being served on all parties to the court's Order.

WHEREFORE, Margaret Landen Saks hereby files this notice of appeal. She also claim such further relief to which she may be justly entitled.

Respectfully submitted,

Philip M. Ross
SBN 17304200
1006 Holbrook Road
San Antonio, Texas 78218
Phone: 210/326-2100
Email: ross_law@hotmail.com
By: /s/ Philip M. Ross
Philip M. Ross
Attorney for Margaret Landen Saks

Certificate of Service

I hereby certify that a true and correct copy of the foregoing document has been sent to Lauren Saks and Royal Lea, III; and Bingham & Lea, P.C., email: royal@binghamandlea.com, attorneys for Marcus P. Rogers, and A. Chris Heinrichs, email: chrish@heinrichslaw.com, and Jonathan Yedor, email: jonathany@heinrichslaw.com, on October 23, 2015 in compliance with the Texas Rules of Civil Procedure and/or by email pursuant to agreement.

/s/ Philip M. Ross
Philip M. Ross

J02157P3831

256